[No. 43636. En Banc. October 2, 1975.]

THE STATE OF WASHINGTON, *Petitioner*, v. ERNEST WAYNE MONDAY, *Respondent*.

*Curtis M. Janhunen, Prosecuting Attorney*, by *David Foscue, Chief Deputy*, for petitioner.

*John M. Wolfe*, for respondent.

FINLEY, J.—This appeal arises from an order of the Superior Court which: (1) revoked defendant's probation and suspended sentence; and (2) imposed the original jail sentence prescribed for defendant's conviction of negligent homicide. The Court of Appeals reversed the Superior Court on the grounds that after the original term of sentence prescribed for a convicted defendant has elapsed, a superior court loses jurisdiction to thereafter revoke the suspended sentence and impose the original sentence. We affirm the Court of Appeals.

The facts are undisputed and, insofar as pertinent, they are as follows: In September 1971, defendant Monday was sentenced to *1 year* in jail for negligent homicide. However, the execution of the sentence was suspended for *2 years* on the condition that defendant serve 8 months in jail and

comply with various probation conditions. Defendant served his 8 months in jail. Thereafter, in June 1973, the suspended sentence was revoked for violation of the conditions of probation, and defendant Monday was ordered to serve the 1 year jail term without credit for the 8 months jail time previously served.

There are essentially two statutory schemes under which a trial court may prescribe a suspended sentence for a defendant convicted of the commission of a crime: (1) RCW 9.92.060-.064, which has been termed the suspended sentence act; and (2) RCW 9.95.210, which has been termed the probation act. *See State v. Davis*, 56 Wn.2d 729, 355 P.2d 344 (1960). The Court of Appeals correctly determined that the Superior Court was operating under RCW 9.95.210 (the probation act) when it sentenced defendant Monday. Thus, the sole question for our determination is whether a sentence may be suspended and a defendant placed on probation under RCW 9.95.210 for a period of time longer than the length of sentence *actually* imposed?

RCW 9.95.210 provides in pertinent part:

> The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, *not exceeding the maximum term of sentence*, except as hereinafter set forth and upon such terms and conditions as it shall determine.

(Italics ours.)

The difficulty in the instant case stems from the fact that the crime for which defendant was convicted—negligent homicide—is punishable by 10 years imprisonment in a state penitentiary, or 1 year imprisonment in the county jail, or a fine of $1,000 or by both a fine and imprisonment. *See* RCW 46.61.520(2). Thus, the above-italicized portion of RCW 9.95.210 could be construed (a) to allow suspension of sentence and imposition of probation for the maximum term that it would be *possible* for a judge to impose, *i.e.*, 10 years in this case, or alternatively, it could be construed (b) to allow suspension of sentence and imposition of pro-

bation for the term of sentence actually imposed by the trial court, *i.e.*, 1 year in this case.

 Essentially two factors convince us that, in enacting RCW 9.95.210, the legislature intended to allow the sentence to be suspended and probation imposed only for the term of the sentence actually imposed by the trial judge. First, if the trial judge had sentenced the defendant under the suspended sentence act, *i.e.*, RCW 9.92.060 instead of under the probation act, *i.e.*, RCW 9.95.210, it is clear that the sentence could be suspended and probation imposed only for the period of time of the sentence which was actually imposed and thereupon suspended. This is made clear by RCW 9.92.064 which provides:

> In the case of a person granted a suspended sentence under the provisions of RCW 9.92.060, the court shall establish a definite termination date for the suspended sentence. The court shall set a date no later than the time the original sentence would have elapsed and may provide for an earlier termination of the suspended sentence.

We see no compelling reason to ascribe to RCW 9.95.210 a meaning different from that in RCW 9.92.064. To the contrary, the two statutes have the similar purpose of providing, where appropriate, rehabilitative treatment and supervision of a convicted defendant without the necessity of incarceration. Since the two provisions have a similar purpose, it seems logical to us that the legislature intended to place similar constrictions upon the length of time that a convicted person may properly be held subject to supervision.

Second, the State's construction of RCW 9.95.210 would require us to judicially redraft the statute so that it would allow suspension of sentence for "the maximum term of sentence *possible*." As the Court of Appeals observed, such a construction would make the Washington statute conform to a California statute which provides in pertinent part:

> The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may

continue for such period of time not exceeding the maximum *possible* term of such sentence, . . .

(Italics ours.) Cal. Penal Code § 1203.1. However, in contrast to the California legislature, the Washington legislature chose not to allow suspension of sentence for the maximum term "possible." Reason and logic is most persuasive that we should not add the word "possible" either as a judicial interpretation of the statute RCW 9.95.210 or as an outright judicial gloss upon it.

The State, however, argues that policy should mandate an interpretation of RCW 9.95.210 so that a sentence may be suspended for the maximum term *possible* for the type of crime committed. The State's primary argument is that under the decision of the Court of Appeals, a trial judge's flexibility in sentencing will be unnecessarily restricted. It is contended that where a statute provides for a long jail term in the state penitentiary *or* a shorter 1-year jail term in the county jail as alternative punishments (as in the instant case), the judge will be unable to provide for a meaningful probationary period, *i.e.*, over 1 year, if he wishes to avoid subjecting the defendant to a long prison term in a state penitentiary for violation of probation. To insure a longer probationary period, the judge would be forced to sentence a defendant to the maximum term possible and this, the State argues, would work to the disadvantage of most defendants in the event of a probation violation.

However, if the object of the judge is to insure that, in the event of a revocation of probation, the defendant will not be subjected to a potentially long jail term in the state penitentiary, this can be accomplished by *deferring* the original sentence for the maximum term possible, *i.e.*, 10 years in the instant case. Then in the event of a violation, we perceive no bar to the judge imposing any of the alternative jail sentences that he deems to be appropriate. *See* RCW 9.95.220. This, it seems to us, is sufficient flexibility for sentencing judges, and, if not, it is the function of the

legislature and not of the judiciary to alter the sentencing process.

Therefore, we hold that the maximum period of time for which a sentence may be suspended under RCW 9.95.210 is the term of sentence pronounced by the trial judge. Thereafter, the trial court loses jurisdiction to revoke probation and reimpose the sentence. In the instant case, the 1-year jail sentence originally imposed by the trial judge had expired at the time of the revocation hearing and the trial court accordingly had no authority to revoke defendant's probation and reimpose the 1-year jail sentence.

As a final observation, defendant argued at the Court of Appeals that when his suspended sentence was revoked and the 1-year sentence reimposed, he should have been given credit for the 8 months jail time that he served as one of the conditions of his suspended sentence. The Court of Appeals relied upon *State v. Wills*, 68 Wn.2d 903, 416 P.2d 124 (1966), and concluded that defendant was not entitled to a credit for the jail time served. In view of the disposition made herein, we do not reach this issue and we express no opinion as to the correctness of the conclusion reached by the Court of Appeals on this issue.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.