[No. 45400.   En Banc.   May 10, 1979.]

THE STATE OF WASHINGTON, *Appellant*, v. GREGORY
S. LUDWIG, *Respondent*.

Robert E. Schillberg, Prosecuting Attorney, and George
N. Bowden, Deputy, for appellant.

Kathryn Ross, for respondent.

STAFFORD, J.—The State appeals the dismissal of its
motion to revoke defendant's probation. The sole issue is
the scope of *State v. Mortrud*, 89 Wn.2d 720, 575 P.2d 227
(1978). We hold that *Mortrud* is controlling and affirm the
trial court.

On November 27, 1973, defendant Gregory Ludwig was
charged with possession of a controlled substance. He
pleaded guilty and on April 16, 1974, was sentenced to a

maximum term of 5 years' imprisonment. The trial court deferred *execution* of the sentence *for a period of 5 years* pursuant to RCW 9.95.210. Also acting pursuant to RCW 9.95.200, .210 the trial court *placed defendant on probation for 1 1/2 years* on certain conditions among which was a requirement that he pay court costs *during the period of probation.* For reasons not disclosed in the record, the court also provided specifically, as a term of probation, "[t]he Court shall have authority *during the course of probation* to revoke, modify or change its order of suspension of sentence . . ." (Italics ours.)

On September 25, 1974, defendant's probation officer filed a notice of arrest with the trial court alleging that defendant had been arrested for possession of a controlled substance. An order was entered on November 8, 1974, directing the issuance of a bench warrant for the alleged violation of probation. The revocation hearing, originally set for March 7, 1975, was continued to the following week. For unexplained reasons the alleged violation of probation was never resolved. On March 11, 1975, defendant was committed to prison in an unrelated case. In June of 1975 the court placed the probation revocation proceeding on "inactive status" but *did not modify the terms of the original probation.*

The 1 1/2 year probationary period expired on October 16, 1975, while defendant was serving his sentence for the unrelated case. On June 16, 1977, defendant's probation officer filed a special report informing the court that defendant had been paroled from the state reformatory on May 10, 1977. Although the report acknowledged that defendant's probationary term had "technically expired", the officer nevertheless requested an extension of the term, and informed the court that supervised probation was being "reactivated".

On July 28, 1977, a memorandum was filed noting that the court costs required to be paid by defendant during the probationary period had not been paid. Thereafter, on

October 6, 1977, an order modifying the probationary judgment and sentence was entered extending the probationary period to April 16, 1978.

On December 22, 1977, defendant's probation officer filed a violation report alleging that defendant had failed to report to him during the preceding 2 months and had written a number of bad checks. A bench warrant for defendant's arrest was issued and on January 3, 1978, he was arrested. On February 8, defendant moved unsuccessfully to dismiss the revocation proceeding. The State filed a formal motion to revoke probation and set aside the order deferring execution of sentence. The motion was granted. Subsequently, defendant filed a motion for reconsideration citing *State v. Mortrud, supra.* Believing itself bound by *Mortrud,* the trial court granted the motion for reconsideration, dismissed the revocation proceeding and terminated probation. The State sought direct review of the dismissal pursuant to RAP 4.2.

■■ RCW 9.95.230 sets forth the authority of the trial court to revoke, modify or change an order suspending execution of sentence.

> The court shall have authority *at any time during the course of probation* to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; (2) it may at any time, when the ends of justice will be subserved thereby, and when the reformation of the probationer shall warrant it, terminate the period of probation, and discharge the person so held.

(Italics ours.) We interpreted the foregoing language as follows in *State v. Mortrud, supra* at page 724:

> When the sentence has been imposed but under the terms of RCW 9.95.210 its *execution* is *deferred,* we hold RCW 9.95.230 operates to terminate the jurisdiction of the court over the defendant *upon the expiration of the probationary period, and the court shall have no authority to revoke, modify, or change its order of deferral of execution of the sentence.*

(Italics ours.)

The State contends *Mortrud* is inapposite because the maximum sentence imposable in that case was 1 year, the sentence actually imposed and deferred was 1 year and the term of probation was coextensive with the sentence, whereas in the instant case the sentence imposed and deferred was 3 1/2 years longer than the period of probation and thus was not coextensive. The State also argues that the 1 1/2–year probationary term ordered by the trial judge herein refers only to a period of "active supervised probation" while the imposition and deferral of the 5–year sentence indicates an intent on the part of the judge to retain jurisdiction over the defendant for the entire 5–year period. We do not agree.

RCW 9.95.230 does not employ the expression "active supervised probation" and the judgment and sentence does not use the term. In fact, the judgment and sentence contains no indication that the trial court intended the probationary period to differ in any way from normal statutory probation. Quite the contrary, the trial court specifically included, as a term of probation, the statutory limitation contained in RCW 9.95.230, providing that it would have "authority *during the course of probation* to revoke, modify, or change its order . . ." (Italics ours.) The probationary period having expired by the time the order extending probation was sought, the trial court lacked authority to further modify, change or revoke the original order, including the terms of probation.

We do not suggest a trial court cannot retain authority over a defendant for the full period during which the execution of sentence is deferred. Without question a trial judge, by means of a properly drafted judgment and sentence, may defer the execution of a sentence and retain a defendant on probation for any period of time not exceeding that provided by law. *State v. Monday,* 85 Wn.2d 906, 540 P.2d 416 (1975). However, in the instant case, for reasons not disclosed to us, the trial court did not make proper provision to accomplish those ends now sought by the State. Where, as here, the trial court imposes a period of

probation that terminates prior to the end of the period of deferral, the former rather than the latter determines the trial court's authority to revoke, modify, or change its order suspending the execution of sentence. RCW 9.95.230.

The trial court's dismissal of the revocation proceeding and termination of probation is affirmed.

UTTER, C.J., and ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.