[No. 3147–3.   Division Three.   June 5, 1979.]

*In the Matter of the Personal Restraint of* WILLIAM A. GANO, *Petitioner.*

---

*William A. Gano,* for petitioner.

*Slade Gorton, Attorney General,* and *Ernest M. Furnia, Assistant,* for respondent.

GREEN, C.J.—William A. Gano seeks relief from personal restraint imposed by a Spokane County conviction of taking indecent liberties.

On November 14, 1958, Mr. Gano was convicted of taking indecent liberties and was sentenced to 20 years in the state penitentiary. The sentence was stayed pending the result of sexual psychopathy proceedings, and on March 15, 1959, Mr. Gano was sent to Eastern State Hospital after it was determined he was a sexual psychopath. In 1966, he was transferred to Western State Hospital as not being amenable to treatment and not safe to be at large. On June 30, 1971, pursuant to a writ of habeas corpus directing a hearing on whether he was safe to be at large, the Spokane County Superior Court then imposed the 20-year sentence and simultaneously suspended it pursuant to RCW 9.92.060.[1] The suspension was subsequently revoked on April 27, 1977, when Mr. Gano was found to have violated its conditions by communicating with a minor for immoral purposes.

Mr. Gano asks that we order his release because more than 20 years have passed since his conviction.

In response, the Department of Social and Health Services alleges that Mr. Gano's petition fails to contain an

---

[1]RCW 9.92.060 provides in part:

"Whenever any person shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension, upon such terms as the court may determine: . . ."

issue of substance, does not make a prima facie case, and presents no facts for which relief from personal restraint may lie. The Department is correct.

While the court initially sentenced Mr. Gano to 20 years' imprisonment, it stayed the execution of that sentence pending the determination of the sexual psychopathy petition. There is nothing in the record to indicate the status of Mr. Gano's sentence once it was determined he was a sexual psychopath.[2] Under the psychopathy statutes in effect at the time of his conviction, Mr. Gano's sentence was essentially running during his hospital stay. Upon conviction, the sentence must have been pronounced,[3] but there was no provision requiring its execution unless the defendant was found not to be a sexual psychopath.[4] Yet, time served in a state hospital pursuant to a sexual psychopathy commitment was to be credited to the maximum term,[5]

---

[2]In 1971, the court alternately considered the sentence to have been "deferred" and "held in abeyance."

[3]Laws of 1951, ch. 223, § 4, p. 670 provided: ·
If the defendant is convicted or has previously plead guilty to such charge, *sentence shall be pronounced,* and the court shall then proceed to hear and determine the allegation of sexual psychopathy. Acquittal on the criminal charge shall not operate to suspend the hearing on the allegation of sexual psychopathy.
At that time the court was not required to determine the underlying criminal matter before the psychopathy matter was heard. Now, however, the court must first decide the underlying criminal question. *State ex rel. Schillberg v. Morris,* 85 Wn.2d 382, 536 P.2d 1 (1975).

[4]Laws of 1951, ch. 223, § 7, p. 671 provided:
If the defendant is found not to be a sexual psychopath, the court shall order the sentence be executed, or may proceed to hear the criminal charge, or may discharge the defendant as the case may merit.
As the court noted in *State v. Edwards,* 22 Wn. App. 352, 589 P.2d 1258, 1262 (1979), while judgment must be pronounced, execution may be deferred or suspended.

[5]RCW 71.06.120, which is identical to Laws of 1951, ch. 223, § 13, p. 672 provides:
"Time served by a sexual psychopath in a state hospital shall count as part of his sentence whether such sentence is pronounced before or after adjudication of his sexual psychopathy."

and upon a finding that the psychopath was safe to be at large, the superintendent of the institution was to certify his opinion to the Board of Prison Terms and Paroles for determination of the minimum sentence or release on parole.[6] The sentences of defendants such as Mr. Gano were essentially in limbo.

██ In 1967, RCW 71,06.091[7] was adopted, providing several options to the court upon the return of a sexual psychopath from the institution. Among the available alternatives is the conditional release of the defendant under the same powers vested in the court pursuant to RCW 9.95, the probation statutes. It is evident from the wide range of options available to the court upon the return

---

[6]Laws of 1951, ch. 223, § 9, p. 672 provided:

"Where pursuant to section 8(1) the superintendent certifies his opinion that the sexual psychopath is safe to be at large to the board of prison terms and paroles, such board shall proceed to determine the minimum sentence as in other criminal cases, and shall order the defendant transferred to the proper penal institution or released on parole, as the case may merit."

[7]RCW 71.06.091 provides:

"A sexual psychopath committed pursuant to RCW 71.06.060 shall be retained by the superintendent of the institution involved until in the superintendent's opinion he is safe to be at large, or until he has received the maximum benefit of treatment, or is not amenable to treatment, but the superintendent is unable to render an opinion that he is safe to be at large. Thereupon, the superintendent of the institution involved shall so inform whatever court committed the sexual psychopath. The court then may order such further examination and investigation of such person as seems necessary, and may at its discretion, summon such person before it for further hearing, together with any witnesses whose testimony may be pertinent, and together with any relevant documents and other evidence. On the basis of such reports, investigation, and possible hearing, the court shall determine whether the person before it shall be released unconditionally from custody as a sexual psychopath, released conditionally, returned to the custody of the institution as a sexual psychopath, or returned to the department of institutions to serve the original sentence imposed upon him. The power of the court to grant conditional release for any such person before it shall be the same as its power to grant, amend and revoke probation as provided by chapter 9.95 RCW. When the sexual psychopath has entered upon the conditional release, the state board of prison terms and paroles shall supervise such person pursuant to the terms and conditions of the conditional release, as set by the court: *Provided*, That the superintendent of the institution involved shall never release the sexual psychopath from custody without a court release as herein set forth."

of the sexual psychopath that the legislature essentially provided an opportunity for resentencing of the defendant for the remainder of his maximum term. While Mr. Gano's sentence was "imposed" in 1971 and then suspended pursuant to RCW 9.92.060 (the suspended sentence statute), the effect upon the remainder of his sentence under either the probation or suspension statutes is the same: The execution of the sentence is suspended during the probationary period.[8] When Mr. Gano was found to have violated the conditions of his release well within the period of his maximum sentence of 20 years (pronounced in 1958) as well as within his probationary period, he was subject to the execution of the remainder of his maximum term, with credit for time served in the hospital. Thus, his sentence is not fully served until sometime in 1984.[9] His personal restraint petition must be dismissed.

We note, however, that Mr. Gano had moved, in this court, for the production of all records, transcripts, police reports, and other related records and transcripts and reports of his original conviction; all records and police reports, verbatim reports of the hearing on the revocation of his suspended sentence, and all records and transcripts of a hearing held on June 29, 1971. He claims he is being denied due process of law by not having access to those records, and he cited cases such as *Bounds v. Smith,* 430 U.S. 817, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (1977); *Hardy v. United States,* 375 U.S. 277, 11 L. Ed. 2d 331, 84 S. Ct. 424 (1964); and *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), in support of his request.

---

[8]*See State v. Ludwig,* 92 Wn.2d 109, 594 P.2d 920 (1979); *State v. Mortrud,* 89 Wn.2d 720, 575 P.2d 227 (1978); *State v. Davis,* 56 Wn.2d 729, 355 P.2d 344 (1960); *see also State v. Monday,* 12 Wn. App. 429, 531 P.2d 811 (1975), *affirmed,* 85 Wn.2d 906, 540 P.2d 416 (1975).

[9]Mr. Gano may petition the Superior Court for a termination date on the suspended sentence. RCW 9.92.062. The date shall be no later than the time the original sentence would have elapsed. RCW 9.92.064.

■ While those cases do recognize the rights of indigent and pro se appellants to assistance in presenting their cases to reviewing courts,[10] none directly deals with free access to records and transcripts by an indigent pro se petitioner seeking collateral relief.[11] Only recently, in *United States v. MacCollom*, 426 U.S. 317, 48 L. Ed. 2d 666, 96 S. Ct. 2086 (1976), did the court decide an indigent habeas corpus[12] petitioner had a limited right to transcripts of his trial. There, the court held that where a petitioner could have obtained those transcripts by appealing his conviction and where the petition was frivolous on its face or there was no need of a transcript to prove his claims, the constitution did not mandate that the petitioner be afforded a record at public expense.

Here, since Mr. Gano's petition concerns only the question of whether he has served more than his maximum term of sentence, there is no need for the requested transcripts. The motion is denied.

Finally, we turn to matters raised in Mr. Gano's reply brief. His allegations concerning the failure of the State to conduct periodic hearings during his stay in the State's mental hospitals are moot. His contention concerning a plea bargaining violation is not supported by the record because there is no guilty plea on file, and his complaints about the trial court's denial of a 1971 writ of mandamus seeking copies of his trial transcripts are deemed waived. *See In re Myers*, 91 Wn.2d 120, 587 P.2d 532 (1978).

---

[10]*See also State v. Jackson*, 87 Wn.2d 562, 554 P.2d 1347 (1976); *State v. Atteberry*, 87 Wn.2d 556, 554 P.2d 1053 (1976). RAP 15.2 governs current procedures for obtaining review and a record at public expense.

[11]The United States Supreme Court expressly avoided the issue in *Wade v. Wilson*, 396 U.S. 282, 24 L. Ed. 2d 470, 90 S. Ct. 501 (1970), because the petitioner there had access to a copy of the transcript.

[12]Relief by personal restraint has superseded the appellate procedure formerly available through a petition for a writ of habeas corpus and an application for post–conviction relief. RAP 16.3(b). *See also In re Myers*, 91 Wn.2d 120, 587 P.2d 532 (1978).

484

The petition is dismissed.

MUNSON and ROE, JJ., concur.