[No. 8093–8–I. Division One. November 10, 1980.]

SPYRODON NICHOLAS AVLONITIS, *Appellant,* v. SEATTLE DISTRICT COURT, *Respondent.*

*Christine Wyatt,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert Ryan, Deputy,* for respondent.

SWANSON, J.—We are asked here to decide whether RCW 9.95.210 limits the length of time for which a sentence may be suspended in justice court. We conclude it does not.

Spyrodon Nicholas Avlonitis pleaded guilty to a charge of simple assault, a gross misdemeanor, in Seattle District Court on February 22, 1979. Judge John Ritchie entered a guilty judgment on that date and imposed a sentence of 30 days in jail, suspended on the conditions that Avlonitis (1) be on active probation for 1 year and (2) pay a fine, restitution, and attorney and witness fees.

Avlonitis apparently feared he had violated these conditions in some respect because on August 13, 1979, he filed in King County Superior Court an application for writ of prohibition to prevent Judge Ritchie "from issuing a Bench Warrant against Mr. Avlonitis or to take any other steps calculated to bring the petitioner into court for a revocation of his probation, . . ."

Avlonitis' argument in support of his application for a writ of prohibition rests on *State v. Monday,* 85 Wn.2d 906, 540 P.2d 416 (1975). The trial judge in *Monday* had sentenced the defendant to 1 year in jail but suspended that sentence for 2 years. More than a year later, the judge revoked the suspended sentence and imposed the original jail sentence. The Supreme Court found this revocation impermissible under RCW 9.95.210, which provides that a suspended sentence may "continue for such period of time,

not exceeding the maximum term of sentence".[1] The court held "that the maximum period of time for which a sentence may be suspended under RCW 9.95.210 is the term of sentence pronounced by the trial judge. Thereafter, the trial court loses jurisdiction to revoke probation and reimpose the sentence." *Monday,* at 910. Avlonitis argued on the basis of *Monday* that his probation could be revoked only during the term of his suspended sentence, *i.e.,* within 30 days from the time Judge Ritchie's judgment of guilty was entered.

A Superior Court judge entered a judgment denying the application for a writ of prohibition. Avlonitis appeals from that judgment.

Avlonitis argues principally that the time limit imposed by RCW 9.95.210, as interpreted by *Monday,* should apply here, because the statutes governing the justice courts, RCW 3.30, do not specifically mention the length of time for which a judge may suspend the sentence of a convicted defendant. Avlonitis points out that RCW 3.66.010 provides in part: "[W]here no special provision is otherwise made by law, such [justice] court shall be vested with all the necessary powers which are possessed by courts of record in this state . . ."

---

[1]RCW 9.95.210 provides in part:

"The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine.

". . . The court shall order the probationer to report to the secretary of social and health services or such officer as the secretary may designate and as a condition of said probation to follow implicitly the instructions of the secretary. If the probationer has been ordered to make restitution, the officer supervising the probationer shall make a reasonable effort to ascertain whether restitution has been made. If restitution has not been made as ordered, the officer shall inform the prosecutor of that violation of the terms of probation not less than three months prior to the termination of the probation period. The secretary of social and health services will promulgate rules and regulations for the conduct of such person during the term of his probation: *Provided,* That for defendants found guilty in justice court, like functions as the secretary performs in regard to probation may be performed by probation officers employed for that purpose by the board of county commissioners of the county wherein the court is located."

 Our reading of the justice court statutes, however, leads us to a different conclusion. We note initially that RCW 3.66.068, applying specifically to justice courts, provides for a 1–year period of continuing jurisdiction after sentencing during which a sentence may be suspended.[2] RCW 3.66.067 provides that a justice court may defer sentencing a defendant and place him on probation for up to a year.[3] RCW 3.66.069 provides deferral *and* suspension of sentence may be revoked by the court if the defendant violates or fails to carry out any of the conditions of the deferral or suspension.[4]

Our duty in construing legislation is to make that legislation purposeful and effective. *State v. Hull,* 86 Wn.2d 527, 546 P.2d 912 (1976). For that reason, we construe these statutes as contemplating that the sentence of a defendant convicted in justice court may be suspended, and the defendant placed on probation, for a 1–year period. Such a construction makes the maximum duration of suspended sentences identical with that of deferred sentences as provided in RCW 3.66.067. No rational reason exists to believe the legislature intended to differentiate between the maximum duration of these two types of sentences. A 1–year

---

[2]"For a period not to exceed one year after imposition of sentence, the court shall have continuing jurisdiction and authority to suspend the execution of all or any part of its sentence upon stated terms, including installment payment of fines." RCW 3.66.068.

[3]"After a conviction, the court may defer sentencing the defendant and place him on probation and prescribe the conditions thereof, but in no case shall it extend for more than one year from the date of conviction. During the time of the deferral, the court may, for good cause shown, permit a defendant to withdraw his plea of guilty, permit him to enter a plea of not guilty, and dismiss the charges against him." RCW 3.66.067.

[4]"Deferral of sentence and suspension of execution of sentence may be revoked if the defendant violates or fails to carry out any of the conditions of the deferral or suspension. Upon the revocation of the deferral or suspension, the court may impose the sentence previously suspended or any unexecuted portion thereof. In no case shall the court impose a sentence greater than the original sentence, with credit given for time served and money paid on fine and costs." RCW 3.66.069.

maximum period for suspended sentences is also consistent with the 1–year period of "continuing jurisdiction" provided for in RCW 3.66.068.

Application to justice courts of RCW 9.95.210, as interpreted by *State v. Monday, supra,* would limit the length of probation for a defendant receiving a suspended sentence to an unreasonably short time. Sentences in justice courts are frequently no longer than 30 days.[5] Limitation of probation to the duration of the actual sentence imposed would often leave insufficient time for a defendant to pay fines or complete other conditions of his or her probation. Limitation of the court's authority to revoke suspended sentences to the length of the sentence imposed would likewise hinder the court's ability to supervise the conditions of those suspended sentences. This problem is not so severe in the superior courts, especially in felony cases where sentences are imposed for a matter of years rather than days.[6] The defendant in *State v. Monday, supra,* for example, was convicted in Superior Court of negligent homicide.

Therefore, we conclude that the district court judge was empowered to revoke Avlonitis' suspended sentence at any time during his 1–year probation. The application for writ of prohibition was properly denied.

---

[5] RCW 3.66.060 provides that a justice court may not sentence a defendant to a jail term longer than 6 months unless expressly authorized to do so by statute.

[6] RCW 9.95.010 provides that the superior court sentence to maximum term only and states as follows:

"When a person is convicted of any felony, except treason, murder in the first degree, or carnal knowledge of a child under ten years, and a new trial is not granted, the court shall sentence such person to the penitentiary, or, if the law allows and the court sees fit to exercise such discretion, to the reformatory, and shall fix the maximum term of such person's sentence only.

"The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term. If the law does not provide a maximum term for the crime of which such person was convicted the court shall fix such maximum term, which may be for any.number of years up to and including life imprisonment but in any case where the maximum term is fixed by the court it shall be fixed at not less than twenty years."

The judgment is affirmed.

WILLIAMS and ANDERSEN, JJ., concur.

Reconsideration denied January 19, 1981.

Review granted by Supreme Court April 23, 1981.