[Nos. 47562-8, 47605-5.   En Banc.   February 25, 1982.]

SPYRODON NICHOLAS AVLONITIS, *Petitioner,* v. SEATTLE DISTRICT COURT, *Respondent.*

THE CITY OF SEATTLE, *Respondent,* v. BERNARD LEE CAMPBELL, *Appellant.*

*Christine Wyatt,* for petitioner.

*Shelley Stark* and *Mark Leemon* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert C. Ryan, Deputy,* for respondent Seattle District Court.

*Douglas N. Jewett, City Attorney,* and *Rodney Eng, Assistant,* for respondent City of Seattle.

STAFFORD, J.—Avlonitis v. Seattle District Court (47562–8) and Seattle v. Campbell (47605–5) have been consolidated for review. Each involves the power of courts of limited jurisdiction to suspend sentences under statutes specifically applicable to district and to municipal courts, respectively.

### AVLONITIS

Petitioner Avlonitis appeared in Seattle District Court and entered a plea of guilty to simple assault, a gross misdemeanor with a maximum sentence of 1 year in the county

jail. On February 22, 1979, the judge sentenced petitioner to 30 days in jail. It was suspended, however, provided petitioner would comply with certain terms and conditions during 1 year of active probation.

A review of petitioner's probation was set for August of 1979, approximately six months later. At that time petitioner asserted the court lacked jurisdiction to review his probation. It was argued, unsuccessfully, that the court lost power to revoke probation and impose sentence upon expiration of the initial 30–day sentence.

The Superior Court dismissed petitioner's application for a writ of prohibition and the Court of Appeals affirmed the dismissal. The matter is before this court on a petition for review. We reverse the Court of Appeals.

The justice (district) court has jurisdiction "[c]oncurrent with the superior court of all misdemeanors and gross misdemeanors . . ." RCW 3.66.060. It is, however, limited to imposing a punishment not greater than a "fine of five hundred dollars, or imprisonment for six months . . . *unless otherwise expressly provided by statute . . .*" (Italics ours.) RCW 3.66.060.

RCW 9A.20.020(2) expressly provides that persons "convicted of a gross misdemeanor defined in Title 9A RCW shall be punished by imprisonment in the county jail for a maximum term . . . of not more than one year, or by a fine . . . of not more than one thousand dollars, or by both . . ." (amended, Laws of 1981, ch. 137, § 37). Thus, under RCW 9A.20.020(2), the justice court had express statutory authority to sentence petitioner to a maximum term of 1 year in the county jail for simple assault. RCW 9A.36.040; *cf. State v. Young,* 83 Wn.2d 937, 523 P.2d 934 (1974).

The justice court also had express statutory authority to defer or suspend sentences. Specifically, the justice court was empowered either to defer the imposition of petitioner's sentence and place him on probation not to exceed a period of 1 year from the date of conviction, RCW 3.66.067, or to suspend the execution of all or any part of his sentence for a period not to exceed 1 year following imposition

of sentence, RCW 3.66.068.

The Legislature also provided for the revocation of deferred or suspended sentences in the event a defendant should violate or fail to carry out any of the conditions of the deferral or suspension. Upon revocation the justice court is authorized to "impose the sentence previously suspended or any unexecuted portion thereof." RCW 3.66.069.

It should be noted, however, that while RCW 3.66-.068 and .069 are involved with the suspending of sentences and the revocation thereof, neither is concerned with the question before us, *i.e.*, whether the period for which a sentence may be suspended is limited to the term of the sentence actually imposed. For this answer RCW 3.66.010 (effective until July 1, 1980) directs us to the laws governing courts of record. RCW 9.95.210 governing courts of record provides, insofar as relevant here:

> The court in granting probation, may suspend the . . . execution of the sentence and may direct that *such suspension may continue for such period of time, not exceeding the maximum term of sentence* . . .

(Italics ours.)

The italicized portion of RCW 9.95.210 has been interpreted by this court as permitting the suspension of a sentence only for the term of the sentence *actually imposed* rather than for the maximum term for which it could have been imposed. *State v. Monday,* 85 Wn.2d 906, 540 P.2d 416 (1975). Although *Monday* involved a felony conviction in superior court, its holding was made applicable to gross misdemeanor convictions by *State v. Mortrud,* 89 Wn.2d 720, 575 P.2d 227 (1978).

We have been given no logical or compelling reason why the justice court, which has concurrent jurisdiction, should be excluded from the rules of *Monday* and *Mortrud.* Consequently, we hold that the rules of *Monday* and *Mortrud* apply equally to the justice court. The justice court could have imposed a sentence of 1 year in the county jail and suspended all or any part of it, thus retaining jurisdiction to revoke the suspension during the entire period. Having

sentenced petitioner to only 30 days, however, the justice court retained jurisdiction only for the term of the sentence actually imposed, *i.e.,* 30 days, rather than for the 1–year maximum imposable term.

The State contends that such a rule will be too harsh for the justice courts. It is said that it will compel justice court judges to sentence defendants to the maximum term possible so as to enable them to suspend a sentence anytime during the term of the sentence, thereby ensuring adequate probation and supervision. We do not agree, for, as we stated in *Monday,* at page 909,

> if the object of the judge is to insure that, in the event of a revocation of probation, the defendant will not be subjected to a potentially long jail term . . . this can be accomplished by *deferring* the original sentence for the maximum term possible [*i.e.,* 1 year in the case of petitioner Avlonitis].

The Court of Appeals is reversed and we hold the justice (district) court had the power to suspend Avlonitis' sentence only during the term of the sentence actually imposed.

### CAMPBELL

Appellant Campbell was tried in Seattle Municipal Court and convicted of assault in violation of the Seattle Municipal Code. On August 20, 1979, the municipal court judge sentenced him to 30 days in jail and suspended the sentence for 1 year on certain terms and conditions.

Campbell violated the terms of suspension and was brought before the municipal court on August 19, 1980, for a revocation hearing. At that hearing, the court revoked 2 of the 30 days which had been imposed and suspended approximately one year earlier.

Campbell petitioned the superior court for a writ of habeas corpus asserting the municipal court lacked jurisdiction to suspend a sentence for a period in excess of 6 months. Appellant contends that since 6 months was the maximum possible time for which the court could have imposed a sentence, the municipal court lost jurisdiction to

revoke the suspended sentence after expiration of the 6–month period. The Superior Court denied the writ, holding the Seattle Municipal Court had jurisdiction to suspend a sentence for up to 1 year under the provisions of RCW 3.66.068.

Campbell appealed to this court and the cause was consolidated for review with *Avlonitis v. Seattle District Court.*

The sole question is whether the Seattle Municipal Court has authority to suspend sentences for up to 1 year. We reverse the Superior Court and hold the maximum period of suspension is limited to 6 months.

■ The City contends RCW 35.20.250 grants municipal courts concurrent jurisdiction with justice courts and, thus, it is said, RCW 3.66.068 granting justice courts the power to suspend the execution of sentences for a period of 1 year must apply equally to municipal courts. We do not agree. The City's position misinterprets the nature of the concurrent jurisdiction granted to municipal courts. The grant of concurrent jurisdiction contained in RCW 35.20.250 is not unlimited. Rather, it grants municipal courts concurrent jurisdiction in those civil and criminal matters which are by law placed within the jurisdiction of justice courts (*i.e.,* violations of state laws as opposed to violations of municipal ordinances).[1] The municipal courts, however, retain *exclusive original jurisdiction* to try all violations of *municipal ordinances* subject only to review by the court. RCW 35.20.250. Such interpretation gives meaning to the balance of RCW 35.20.250 which authorizes a municipal judge to sit as a magistrate in preliminary hearings and also gives meaning to the directive that fines, penalties and forfeitures shall be paid to the *county* treasurer rather than into the *city* treasury. It also is consistent with RCW 35.20.910

---

[1]RCW 35.20.250 (effective until July 1, 1980). "The municipal court shall have *concurrent jurisdiction with* the superior court and *justices of the peace* in all civil and criminal matters *as now provided by law for justices of the peace . . .*" (Italics ours.)

The jurisdiction of the justice courts is set out in RCW 3.20.010 *et seq.*

which reads in part: "No provision of this chapter shall be construed as repealing or anywise limiting or affecting the jurisdiction of justices of the peace *under the general laws of this state*". (Italics ours.)

In sum, while a municipal court may have concurrent jurisdiction with the justice court when hearing cases involving the violation of *state criminal statutes,* and while, arguably, a municipal court may be entitled, in those cases, to suspend sentence in the manner granted justice courts by RCW 3.66.068, it may not, when hearing cases concerned with the violation of *municipal ordinances* suspend a sentence pursuant to RCW 3.66.068.[2] When acting in the latter capacity it is acting *within its exclusive original jurisdiction* and is governed by RCW 35.20.010 *et seq.* Under RCW 35.20.030,[3] which deals specifically with municipal courts in cities over 400,000, the municipal court may sentence up to a maximum term of 6 months in the city jail.

This is wholly consistent with the scheme governing the type and maximum (or outer limits of) punishment which may be meted out for violations of city ordinances (*i.e.,* not to exceed 6 months in the city jail; RCW 35.20.030) as well as the nature of leniency that may be employed within those outer limits of punishment. In the latter regard RCW 35.20.255 specifically authorizes (1) the sentence to be suspended, (2) empowers the municipal judge to fix the times and conditions of the suspension, and, in addition, (3) authorizes the municipal judge to provide for such probation and parole (*i.e.,* supervision as in the opinion of the judge is reasonable and necessary).

---

[2]RCW 3.66.068. "For a period *not to exceed one year* after imposition of sentence, the court shall have continuing jurisdiction and authority to suspend the execution of all or any part of its sentence upon stated terms . . ."

[3]RCW 35.20.030. "[F]or a violation of the criminal provisions of an ordinance *no greater punishment* shall be imposed *than* a fine of five hundred dollars or imprisonment in the city jail *not to exceed six months . . .*" or both. (Italics ours.)

As so interpreted, RCW 35.20 may be applied as a comprehensive, meaningful unit whereas the injection of RCW 3.66.068 either renders meaningless, superfluous or questionable certain portions of RCW 35.20. Statutes should not be interpreted in such a manner as to render any portion meaningless, superfluous or questionable. *State v. Wanrow,* 88 Wn.2d 221, 559 P.2d 548 (1977); *John H. Sellen Constr. Co. v. Department of Rev.,* 87 Wn.2d 878, 558 P.2d 1342 (1976); *Roza Irrig. Dist. v. State,* 80 Wn.2d 633, 497 P.2d 166 (1972). There is simply no statutory authority for imposing a period of probation for 1 year. In the absence of such authority, the municipal court judge may not suspend sentences beyond 6 months.

In Campbell we reverse the trial court and hold that a municipal court does not have the power to suspend a sentence for more than 6 months. In this case, unlike *Avlonitis,* we do not reach the question of whether a municipal court may suspend a sentence in excess of the time of the actual sentence imposed. The issue was not raised in the assignments of error and thus is not before this court. RAP 10.3(g); *see also State v. Fortun,* 94 Wn.2d 754, 626 P.2d 504 (1980); *Pettet v. Wonders,* 23 Wn. App. 795, 599 P.2d 1297 (1979).

The holdings in *Avlonitis v. Seattle District Court* and *Seattle v. Campbell* shall be prospective only.

BRACHTENBACH, C.J., and ROSELLINI, UTTER, DOLLIVER, WILLIAMS, DORE, and DIMMICK, JJ., concur.

Reconsideration denied June 3, 1982.