[No. 37647.   En Banc.   June 23, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. DALE WILLS, *Appellant*.*

*F. Curtis Hilton*, for appellant.

*John G. McCutcheon* and *Gary E. Cronk*, for respondent.

FINLEY, J.—A Pierce County jury found the defendant-appellant guilty of the crime of forgery in the first degree on three separate counts. Judgment and sentence were entered upon the verdict ordering that the defendant be confined in the penitentiary for a maximum term of not more than 20 years on each count, the sentences to run concurrently. The judgment provided:

[A]ll three sentences suspended on condition that the defendant serve 7 months in the county jail, with credit for time served commencing on the 16th of October, 1962.

*Reported in 416 P.2d 124.

Pursuant to the above-quoted provisions of the judgment, this convicted criminal offender was not committed to the custody of a state penal institution. He was placed on probation, which meant he would be in semicustody and under the supervision of a probation officer. Thus, Dale Wills was allowed to remain at liberty in the community, subject, of course, to specified conditions of probation and strict compliance therewith. Reports were received indicating that appellant had violated the terms of his probation. He apparently was unable to convince his probation officer that he had complied with the conditions of his probation, or that the alleged violations were so inconsequential that he should be allowed the privilege of continued probation status.

After an admittedly somewhat peremptory hearing in the Superior Court for Pierce County, Dale Wills' probation was revoked, the suspension of his sentence was vacated, and the imposition of his sentence for forgery followed promptly, in accordance with the provisions of RCW 9.95.220, reading in part as follows:

> Whenever the state parole officer or other officer under whose supervision the probationer has been placed shall have reason to believe such probationer is violating the terms of his probation, or engaging in criminal practices, or is abandoned to improper associates, or living a vicious life, he shall cause the probationer to be brought before the court wherein the probation was granted. For this purpose any peace officer or state parole officer may re-arrest any such person without warrant or other process. The court may thereupon in its discretion *without notice* revoke and terminate such probation. *In the event the judgment has been pronounced by the court and the execution thereof suspended, the court may revoke such suspension,* whereupon the judgment shall be in full force and effect, and the defendant shall be delivered to the sheriff to be transported to the penitentiary or reformatory as the case may be. (Italics ours.)

This appeal seeks to review the action taken by the Pierce County Superior Court. The assignments of error are as follows:

(1) The appellant was not reasonably informed of the allegations of probation violation at the revocation proceedings.

(2) The revocation proceedings violated appellant's constitutional rights as guaranteed by the Washington State Constitution, Art. 1, Section 22, Amendment 10, because appellant was denied the right to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process, to compel the attendance of witnesses in his own behalf.

(3) At the revocation proceedings, the appellant was limited in his right to cross-examined [sic] probation officer Jackowsky.

(4) At the revocation proceedings, the appellant was denied his right of a continuance in the matter.

(5) The sentence imposed by the court on April 3, 1964, failed to accord appellant credit for time previously served.

■ It is significant and should be mentioned at this point that the appellant was competently represented by counsel in the Pierce County Court when (a) probation was revoked, (b) the suspension of sentence was vacated, and (c) imposition of sentence followed. Mr. F. Curtis Hilton, of the Tacoma Bar, served as court-appointed counsel. He had previously served in this capacity at the time Dale Wills was tried and convicted on three counts of the crime of forgery in the first degree and probation status was granted to him by the court. Mr. Hilton is continuing to serve as counsel on this appeal. Admitting, arguendo, that the assignments of error have some significant factual support, our decision and the opinion in *In re Mempa v. Rhay, ante* p. 882, 416 P.2d 104 (1966), is controlling and dispositive of in the instant appeal. In *Mempa*, we stated that probation is not a matter of constitutional right, but a matter of privilege or grace based upon statutory authority and dependent solely upon the discretion of the judges of the superior courts of the state of Washington. We stated further that revocation of probation, the vacation of either (1) a suspended or (2) a deferred sentence, followed by

imposition of sentence under the provisions of RCW 9.95.220, involves quasi-administrative functions resting solely in the judgment and discretion of the superior court judges. No aspect of such proceedings is subject to review here on claims of denial of constitutional criminal due process procedural rights. We see no meaningful distinction, legally or factually, between the instant appeal and *Mempa*.

As to appellant's fifth assignment of error, set out hereinbefore, we will comment as follows: The time served in jail was one of the conditions of probation granted appellant. No provision was made that such time served would be credited in the event probation should be revoked, the suspension of sentence vacated, and sentence imposed. Furthermore, there is no statutory authority for giving the defendant credit for the time served in jail. However, this fact or factor can be accorded attention in a "statement of the prosecuting attorney," as provided in RCW 9.95.030, and can be evaluated subject to the discretion of the Board of Prison Terms and Paroles in fixing minimum sentence.

The action taken by the trial court should in all respects be upheld. It is so ordered.

ROSELLINI, C. J., HILL, OTT, HUNTER, and HALE, JJ., concur.

HAMILTON, J. (dissenting)—I dissent. The defendant in this case was convicted by a jury on February 21, 1963, of three counts of forgery, arising out of the utterance of three checks in the amounts of $13, $20, and $23.50. The trial judge on March 4, 1963, sentenced him to concurrently serve 20 years in the penitentiary on each of the three counts, and suspended the execution of such sentence. Defendant was thus placed on probation, subject to the supervision of an officer of the Board of Prison Terms and Paroles. He thereafter commenced reporting to such an officer. In the latter part of February or the early part of March, 1964, when defendant reported to his then probation officer, he was placed in jail for violation of his probation. On March 26th he was brought before the court for the first time since the incarceration. At that time counsel, who

represented him at the trial, was appointed by the court to represent him. The judge presiding was not the judge who presided over trial or imposed the sentence. The matter was continued for hearing. Counsel, asserting that defendant had not been told how or in what manner he had violated his probation, asked that the prosecuting attorney either file a written motion setting forth the nature of the violation or otherwise advise defendant and/or his counsel of the state's contentions. This request was denied by the court. The deputy prosecuting attorney tersely asserted that defendant would hear the reasons when the probation officer testified at the hearing. The court also denied a request that the matter be referred for hearing before the sentencing judge or the trial department from which defendant was initially sentenced.

On the appointed day the matter came on for hearing. No written motion for revocation of probation had been served or filed. The probation officer testified to several complaints of misconduct by defendant, which he frankly qualified by stating he considered them of rather minor consequence. He then recommended revocation of defendant's probation, based upon the fact that the defendant had purchased some items on credit without obtaining permission from the probation office, and had otherwise incurred some indebtedness. From his testimony it could be inferred that defendant was still practicing the art of procuring money and goods by false pretenses. Limited cross-examination was permitted.

At the conclusion of the probation officer's testimony, defendant's counsel asked for a recess or a short continuance to permit him to discuss the testimony with defendant and, if necessary, to further investigate the accusations. This was denied. The court thereupon asked defendant if he had anything to say. The defendant made a short unsworn statement to the effect that he had obtained permission from a former probation officer to make the credit purchases and that he could, if given an opportunity, fully clarify and clear himself of the other complaints. Without further

adieu, the court revoked the suspended sentence. From this peremptory hearing defendant has appealed.

I fully appreciate that this court has drawn a technical distinction, so far as appellate remedies and some constitutional concepts be concerned, between the status of an offender on probation under a deferred sentence and one on probation under a suspended sentence. See *State v. Farmer*, 39 Wn.2d 675, 237 P.2d 734 (1951). However, it seems to me, that when it comes to revocation of the probationary status the distinction is purely artificial for the end result is the same, namely, deprivation of liberty.

Accordingly, I would apply the same concepts of fair play and due process to both proceedings.

In *State v. Shannon*, 60 Wn.2d 883, 888, 376 P.2d 646 (1962), we said:

Fair play, due process, and the intent of our statute, in requiring that a defendant be "brought before the court wherein probation was granted" (RCW 9.95.220), entitle such defendant to be reasonably informed of the allegations of probation violation, and an opportunity to be heard thereupon. [Citing cases.]

In my opinion, the brusque and peremptory proceedings in this case fall considerably short of meeting this standard. Neither defendant nor his counsel were afforded a fair opportunity to be heard upon the allegations of probation violation after they were informed of such allegations.

I would vacate the order of commitment and remand the matter for a proper hearing.

DONWORTH and WEAVER, JJ., concur in the result of the dissent.

_____

August 24, 1966. Petition for rehearing denied.