[No. 1167-2.    Division Two.    January 2, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ERNEST W. MONDAY, *Appellant*.

John M. Wolfe, for appellant.

Curtis M. Janhunen, Prosecuting Attorney, and David Foscue, Chief Deputy, for respondent.

ARMSTRONG, J.—Ernest Wayne Monday appeals from a revocation of a suspended sentence for negligent homicide. On September 27, 1971, he was sentenced to 1 year in the county jail, which sentence was suspended for 2 years on the condition he serve 8 months in the county jail, be on good behavior, report to the Board of Prison Terms and Paroles, and do as the board and his probation officer tell him. He served 8 months in jail. On June 21, 1973, the order suspending his sentence was revoked. The court ordered that the original sentence of confinement for 1 year be executed. No credit for the 8 months served was given.

Monday contends that the order of revocation should be set aside because it is based on an invalid suspension of sentence. He argues that the suspended sentence statute (RCW 9.92.060 and 9.92.064) does not provide for the imposition of a jail sentence as a condition of suspension and prohibits a court from setting a suspended sentence termination date any later than the time the original sentence would have elapsed. The State argues, in answer, that the court obviously sentenced under the probation act (RCW 9.95.200-.250), although the court did not clearly specify the act it was using.

In answering the first impression issue presented to us, we are separating the issue into three parts. (1) Was the trial court proceeding under the suspended sentence act (RCW 9.92.060 and 9.92.064),[1] or under the relevant por-

---

[1] The relevant portion of RCW 9.92.060 provides:

"Whenever any person shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery,

tions of the probation act (RCW 9.95.210),[2] when it originally gave plaintiff a suspended sentence? (2) Must a defendant be given credit for time served in jail as a condition of the suspension of a 1-year jail sentence for negligent homicide upon the revocation of that suspended sentence? (3) Could the court validly suspend, for a period of 2 years, a 1-year jail sentence on a conviction of negligent homicide?

We find the answer to our first question in *State v. Davis*, 56 Wn.2d 729, 355 P.2d 344 (1960). That case was primarily concerned with the suspended sentence act. It contains a scholarly analysis of the history of both the suspended sentence and probation acts. In several respects the *Davis* analysis has been superseded by legislative amendments to

carnal knowledge of a female child under the age of ten years, or rape, the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, and *that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension, upon such terms as the court may determine*: Provided, That as a condition to suspension of sentence, the court may require the convicted person to make such monetary payments, on such terms as the court deems appropriate under the circumstances, as are necessary (1) to comply with any order of the court for the payment of family support, (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question, and (3) to pay any fine imposed and not suspended and the court or other costs incurred in the prosecution of the case, including reimbursement of the state for costs of extradition if return to this state by extradition was required. In no case shall a sentence be suspended under the provisions of this section unless the person if sentenced to confinement in a penal institution be placed under the charge of a parole officer, who is a duly appointed and acting officer of the institution to which the person is sentenced: . . ." (Italics ours.)

RCW 9.92.064 provides:

"In the case of a person granted a suspended sentence under the provisions of RCW 9.92.060, the court shall establish a definite termination date for the suspended sentence. The court shall set a date no later than the time the original sentence would have elapsed and may provide for an earlier termination of the suspended sentence."

[2]The relevant portion of RCW 9.95.210 provides:

"The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may

the acts, resulting in a blending of the differences between them. For the purposes of the answer to our first question, however, *Davis* remains viable.

■ In *Davis* the Washington Supreme Court pointed out that the primary difference between the acts is the method required for supervision of the defendant. Under the suspended sentence act, where the court sentences a defendant to a term in the county jail, the defendant is placed in the charge of "a parole or peace officer during the term of such suspension." (RCW 9.92.060.) Under the probation act, where the court may also suspend the imposing or execution of a sentence, in all cases:

> The court shall order the probationer to report to the supervisor of the division of probation and parole of the department of institutions or such officer as the supervisor may designate and as a condition of said probation to follow implicitly the instructions of the supervisor of probation and parole.

continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine.

"The court in the order granting probation and as a condition thereof, may in its discretion imprison the defendant in the county jail for a period not exceeding one year or may fine the defendant any sum not exceeding one thousand dollars plus the costs of the action, and may in connection with such probation impose both imprisonment in the county jail and fine and court costs. The court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary (1) to comply with any order of the court for the payment of family support, (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question, and (3) to pay such fine as may be imposed and court costs, including reimbursement of the state for costs of extradition if return to this state by extradition was required, and may require bonds for the faithful observance of any and all conditions imposed in the probation. The court shall order the probationer to report to the supervisor of the division of probation and parole of the department of institutions or such officer as the supervisor may designate and as a condition of said probation to follow implicitly the instructions of the supervisor of probation and parole. The supervisor of probation and parole with the approval of the director of institutions will promulgate rules and regulations for the conduct of such person during the term of his probation:  . . ."

(RCW 9.95.210.) At the time the *Davis* case was decided this portion of the probation act read:

The court shall order the probationer to report to the board of prison terms and paroles or such officer as the board may designate and as a condition of said probation to follow implicitly the instructions of the board of prison terms and paroles.

The amendment merely reflects the transfer of many powers of the Board of Prison Terms and Paroles to the Department of Institutions to be administered through the division of probation and parole of that department.[3] The distinction between the two acts is still present. Since the procedure authorized under the probation act was clearly intended to be the one followed in the case at bar, we conclude that defendant was sentenced under that act.

The second question, whether a defendant must be given credit for time served in jail as a condition of probation, is partially answered in RCW 9.95.210, the probation act, which clearly allows a court to impose a jail term as a condition of probation. It provides in relevant part:

The court in the order granting probation and as a condition thereof, may in its discretion imprison the defendant in the county jail for a period not exceeding one year . . .

The court in *State v. Wills*, 68 Wn.2d 903, 416 P.2d 124 (1966), considered a contention that defendant should be given credit for jail time served as a condition of the suspension of the sentence. We agree with the *Wills* court's holding that since the jail term was one of the conditions of the probation granted defendant, no provision was made

---

[3] RCW 72.04A.050 provides in relevant part:

"The powers and duties of the state board of prison terms and paroles, relating to (1) the supervision of parolees of any of the state penal institutions, (2) the supervision of persons placed on probation by the courts, and (3) duties with respect to persons conditionally pardoned by the governor, are transferred to the director of institutions who shall hereafter exercise such powers and perform such duties through the division of probation and parole of the department of institutions."

for the granting of jail time served, and there is no statutory authority for granting the defendant credit for time served in jail as a condition of probation, the defendant is not entitled to credit for that time served as a matter of right.

■ Our final consideration is whether the court could validly suspend a 1-year sentence in the county jail for a period of 2 years. The relevant portion of the probation act (RCW 9.95.210) provides in part:

> The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, *not exceeding the maximum term of sentence*, except as hereinafter set forth and upon such terms and conditions as it shall determine.

(Italics ours.) To determine what the "maximum term of sentence" is, we turn to the statute which provides the penalty for negligent homicide. RCW 46.61.520(2) provides in relevant part:

> Any person convicted of negligent homicide by means of a motor vehicle shall be punished by imprisonment in the state penitentiary for not more than ten years, or by imprisonment in the county jail for not more than one year, or by fine of not more than one thousand dollars, or by both fine and imprisonment.

The defendant assumes that his sentence is based upon the suspended sentence act—a contention we have already answered. The State's argument would have us read into the above quotations a concept that the "maximum term of sentence" is 10 years.

There are no cases directly on point. We believe a logical reading of the probation act provides no other answer than that the act refers to the "maximum term of sentence" *pronounced by the court* and not the maximum *possible* term the court could have provided up to a maximum of 10 years in the penitentiary or 1 year in the county jail.

The State, in essence, seeks a judicial amendment of a

legislative act to conform our statute to the California statute, which provides in relevant part:

> The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum *possible* term of such sentence, . . . and upon such terms and conditions as it shall determine.

(Italics ours.) California Penal Code § 1203.1. It would appear that our legislature omitted the word "possible" to make our statute conform to the Washington procedure whereby the judge pronounces the maximum term and the parole board determines the minimum term.

We therefore conclude that (1) the trial court suspended defendant's sentence under the probation act (RCW 9.95.210); (2) credit for time served in jail need not be granted under the probation act; and (3) the maximum period of suspension is determined by the maximum term of sentence pronounced by the judge and not the maximum term of sentence the judge *could have* pronounced under the statute governing the crime in question. The probation act provides that "suspension may continue for such period of time, not exceeding the maximum term of sentence." It follows that a probation which exceeds the sentence is mere surplusage under the terms of the probation act (RCW 9.95.210). The court loses jurisdiction to revoke probation when the term of sentence has expired.

Since we find the 1-year sentence fixed by the court has expired, we must dismiss the sentence imposed at the revocation of probation hearing held subsequent to that 1-year period.

Judgment reversed.

PEARSON, C.J., and PETRIE, J., concur.

Petition for rehearing denied January 29, 1975.

Review granted by Supreme Court March 25, 1975.