[No. 47744-2.   En Banc.   July 8, 1982.]

*In the Matter of the Personal Restraint of*
PHILLIP M. PHELAN, *Petitioner.*

*Phillip M. Phelan,* pro se, and *Robert Adelman* and *John Midgley* of *Evergreen Legal Services,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Michael P. Lynch, Assistant,* for respondent.

WILLIAMS, J.—The issue in this personal restraint peti-

tion is whether credit against a maximum prison sentence must be given for: (1) time actually served in detention; and (2) time served under the restrictions of probation but not in actual detention. We hold petitioner is not entitled to credit against his maximum sentence for nondetention probationary time, but is entitled to credit for all jail time served exclusively on the principal underlying charge. To the extent petitioner is entitled to the relief stated herein, we grant his personal restraint petition.

Petitioner, Phillip M. Phelan, was arrested on July 23, 1977, on a charge of second degree rape. He pleaded guilty on August 9, 1977, and remained in custody continuously from the time of his arrest to his sentencing on April 12, 1978. The trial judge imposed the maximum 10–year sentence, but suspended execution of the sentence on the condition that petitioner serve 1 year in the Thurston County Jail and comply with the conditions of his probation. Under the terms of his probation, petitioner was to abstain from alcohol, seek alcohol rehabilitation, and observe all laws of the state. Petitioner was given credit for the 9 months he had served to that point, and was required to serve only 3 months more in the Thurston County Jail until his July 23, 1978, release.

Petitioner was arrested on a number of occasions thereafter for various traffic offenses and drunk driving—all violations of his terms of probation. On May 5, 1979, he was arrested and eventually transferred to the Thurston County Jail. On June 20, 1979, petitioner appeared in court for a probation revocation hearing, but probation was continued after petitioner served an additional 30 days in the county jail.

After his release, petitioner was convicted of several additional traffic offenses. On May 5, 1980, an order of probation suspension, arrest, and detention was issued and served on petitioner while he was serving time for another offense in the Clark County Jail. He was transferred back to the Thurston County Jail on July 10, 1980. On August 13, 1980, petitioner's probation was revoked by the same

judge who originally granted his probation. The judge reimposed the maximum 10–year sentence with credit for 14 months served in the Thurston County Jail. That sentence would have expired June 12, 1989. Petitioner was notified in December of 1980 by the Board of Prison Terms and Paroles (Board) that the expiration date of his maximum term had been set at August 12, 1990.

Petitioner then filed a pro se personal restraint petition in Division Two of the Court of Appeals alleging: (1) he was entitled to credit for jail time served; and (2) he was entitled to credit for the entire probationary period. The court required responses both from the Thurston County prosecutor and the Board.

The prosecuting attorney responded, asserting, among other things, that petitioner's maximum sentence actually expired on October 12, 1988. (The basis for 22 months' credit to the 10–year sentence is unclear, but the prosecutor conceded that credit was due for jail time served.) The assistant attorney general, on behalf of the Board, also responded and asserted the trial court had no authority to give petitioner credit for time served and argued the expiration date was properly set by the Board at August 12, 1990. Chief Judge Reed's original order dismissed Phelan's petition and accepted the prosecutor's expiration date of October 12, 1988.

Petitioner and the assistant attorney general each filed motions for reconsideration, but the prosecutor filed only a notice that he had no position on the assistant attorney general's argument. Although recognizing that ordinarily a motion for reconsideration of this type would be treated as a motion for discretionary review in the Supreme Court, see RAP 16.14(c), Chief Judge Reed decided that since the assistant attorney general also moved for reconsideration, the matter should be decided by the Court of Appeals. In his order on reconsideration, Chief Judge Reed modified his initial order by setting the expiration date of petitioner's maximum term at August 12, 1990, consistent with the assistant attorney general's argument. This denied credit

for any jail time previously served by the petitioner. We granted petitioner's pro se motion for discretionary review on July 23, 1981, and appointed counsel for purposes of this appeal.

Four separate jail time periods are involved in this case: (1) between petitioner's arrest and guilty plea; (2) between the guilty plea and sentencing; (3) as a condition of probation after sentencing; and (4) while awaiting the revocation hearing. We will discuss each category in turn.

■ As to the first two categories of jail time, the case of *Reanier v. Smith,* 83 Wn.2d 342, 517 P.2d 949 (1974), requires that petitioner be given credit for the 9 months he served prior to the imposition of sentencing. In that case, we observed:

> Fundamental fairness and the avoidance of discrimination and possible multiple punishment dictate that an accused person, *unable to or precluded from posting bail or otherwise procuring his release from confinement prior to trial* should, upon conviction and commitment to a state penal facility, be credited as against a maximum and a mandatory minimum term with all time served in detention prior to trial and sentence. Otherwise, such a person's total time in custody would exceed that of a defendant likewise sentenced but who had been able to obtain pretrial release.

(Italics ours.) *Reanier,* at 346. The above analysis, however, is not limited only to those persons detained prior to trial because of indigency. Whether the pretrial confinement be occasioned by the inability to post bail or the individual's inability to "otherwise procur[e] his release from confinement prior to trial", *Reanier* requires that credit for time served be granted against the individual's maximum sentence. Therefore, the trial judge acted properly when he credited petitioner with 9 months of presentence jail time, both in his sentencing and revocation of probation orders.

■ As to the third category of probationary jail time, the *Reanier* rationale was utilized to grant credit for such jail time in *State v. Hultman,* 92 Wn.2d 736, 746 n.3, 600 P.2d 1291 (1979). In *Hultman,* the defendant served 90

days in county jail as a condition of the suspension of his 1–year sentence. The Court of Appeals held the trial court lacked jurisdiction to revoke the probation and reversed. We reinstated the trial court's revocation of Hultman's probation "with the proviso that Hultman be given credit for time in jail." (Footnote omitted.) *Hultman*, at 746. Footnote 3 of that opinion set out the following rationale for giving him such credit:

> While we are cognizant that both *State v. Monday*, [12 Wn. App. 429, 531 P.2d 811 (1975)], and *State v. Wills*, [68 Wn.2d 903, 416 P.2d 124 (1966)], refuse to credit probationary incarceration time on the underlying sentence when a suspended sentence is revoked, we believe the rationale of *Reanier v. Smith* . . ., as applied to pretrial detention, is in large measure applicable in this case and that Hultman should receive credit for his probationary jail time on his underlying sentence.

(Citation omitted.) *Hultman*, at 746.

At the Court of Appeals, the Attorney General characterized the above language from *Hultman* as "nothing more than *obiter dictum*" and dismissed that case as being a "unique result under Washington law peculiar to that case." (Response to Personal Restraint Petition, at 4 n.2.) We disagree with these characterizations. Not only are the *Hultman* and *Reanier* cases clear on credit for time served, those holdings are mandated by the United States Supreme Court's opinion in *North Carolina v. Pearce*, 395 U.S. 711, 718–19, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), where the Court stated:

> We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully "credited" in imposing sentence upon a new conviction for the same offense.

(Footnote omitted.)

■ The Attorney General relied on RCW 9.95.010 at the Court of Appeals to argue that a trial court has no authority to set anything but the full maximum sentence in a probation revocation. The same argument is now advanced

to this court based on RCW 9.95.220. Neither provision supports the argument. This contention ignores not only *Hultman* and *Reanier,* but also older case law construing RCW 9.95.010. This court has held that despite the fact that the statute requires the trial court to set maximum terms, if a defendant is entitled to credit for time served the judgment must so state on its face, and the time must be credited against the maximum term. *State v. Shannon,* 60 Wn.2d 883, 890, 376 P.2d 646 (1962); *Lindsey v. Superior Court,* 33 Wn.2d 94, 104, 204 P.2d 482 (1949). While it is true that *State v. Wills,* 68 Wn.2d 903, 416 P.2d 124 (1966) and *State v. Monday,* 12 Wn. App. 429, 434, 531 P.2d 811, *aff'd on other grounds,* 85 Wn.2d 906, 540 P.2d 416 (1975) indicate that no authority exists for granting jail time credit against maximum sentences, these cases are inconsistent with more recent expressions on the subject by this court and the United States Supreme Court. To the extent they are inconsistent with the holdings of this case, *Wills* and *Monday* are overruled.

█ The Board of Prison Terms and Paroles improperly took it upon itself to rewrite the trial court's sentencing order. This is especially bothersome since it appears to be based on an erroneous reading of *Hultman.* If the trial court had erred in its sentencing of petitioner, the appropriate procedure would be to return him to the trial court for resentencing. *See In re Carle,* 93 Wn.2d 31, 33, 604 P.2d 1293 (1980); *Brooks v. Rhay,* 92 Wn.2d 876, 877, 602 P.2d 356 (1979). In *Brooks,* the trial court erroneously directed that a sentence it imposed be served concurrently with a previously imposed sentence. The Board of Prison Terms and Paroles attempted to "correct" the trial court by requiring the sentences to run consecutively. In holding the Board lacked such authority, we noted that had the trial court known it was required to impose consecutive jail terms, it might have expressed its leniency by suspending or deferring the sentence. *Brooks,* at 877. Although granting credit for time served is not an expression of leniency under *Reanier* and *Hultman,* the proper procedure was still to

return petitioner for resentencing before the trial court.

When petitioner was originally sentenced, he received 9 months' credit for presentence jail time and was required to serve only 3 months more in the county jail as a condition of probation. Those 3 months must be credited against petitioner's maximum sentence under *Hultman.* Thereafter, in an effort to avoid having to revoke petitioner's probation, the trial judge sentenced petitioner to an additional 30 days in county jail. Even though the trial judge exceeded his authority by sentencing petitioner to 30 days in excess of the 1–year total time permitted by RCW 9.95.210, we believe petitioner should be entitled to no more than 30 days of additional credit against his maximum sentence under the *Reanier* rationale.

■ As to the fourth category of jail time while petitioner was awaiting the revocation hearing, we believe petitioner is entitled to credit only if the jail time served was exclusively on the principal underlying charge of second degree rape. At the time petitioner was transferred back to Thurston County on a probation detainer, he was serving a 6–month sentence in Clark County on charges of obstructing a public servant, driving while his license was revoked, and two counts of hit and run. That sentence would have expired October 17, 1980. On August 13, 1980, petitioner's revocation hearing was held and his probation was revoked.

Under the reasoning of *Reanier* and *Hultman,* it would seem petitioner is entitled to no credit for the time he served in jail while awaiting his revocation hearing. None of the considerations of due process, equal protection, or multiple punishments arising in *Reanier* and *Hultman* appear as to this category of jail time since petitioner was serving time on the Clark County charges—not on the principal underlying charge. Therefore, petitioner is not entitled to credit against his maximum sentence for the time he served while awaiting his probation revocation hearing.

■ Finally, petitioner contends he should be entitled to credit for nonjail time served on probation because it is indistinguishable from jail time. Petitioner argues that the

severe restrictions imposed on probationers make such time tantamount to jail time. This argument was discussed and rejected by a majority of this court in *State v. Hultman, supra* at 742–43. We adhere to our decision in *Hultman* that any change in this policy of not granting credit for nonjail probation time should be made by the Legislature. Petitioner is entitled to no credit for his nondetention probationary time.

We vacate the order of the Court of Appeals and grant petitioner's personal restraint petition in part. We direct that this matter be referred to the trial court for resentencing in accordance with this opinion.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.

Reconsideration denied September 14, 1982.