[No. 17912-8-I.   Division One.   May 20, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. KATHLEEN T. STANLEY, *Appellant*.

*Mark W. Muenster* and *Rita J. Griffith* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ivan Orton, Deputy,* for respondent.

COLEMAN, J.—Kathleen Stanley appeals an order modifying her probation by requiring that she serve a period of 1 year in the county jail without credit for time already served. We reverse and remand.

The facts in this case are undisputed. On June 13, 1980, Kathleen Stanley was convicted of two counts of first degree theft and given a suspended sentence on a number of conditions. Two of the conditions were that she serve 1 year in the county jail and pay restitution at the rate of 20 percent of her take–home pay each month. After serving 165 days in the county jail, the balance of Stanley's jail term was suspended, and she was released.

Subsequent to her release, the prosecutor filed a probation revocation hearing notice alleging failure to report to her probation officer, failure to pay restitution, and commission of another theft. After hearing all of the evidence and finding that Stanley had violated her probation as alleged, the court entered an order modifying Stanley's probation on January 22, 1986. The order required Stanley to serve a full year in the King County Jail and did not credit the time she had already served. Stanley filed a timely notice of appeal and was released on bond during her appeal.

The only issue appellant raises is whether the trial court

exceeded its authority under RCW 9.95.210 in ordering 1 year of jail without allowing credit for time already served.

■ The power to grant, modify, or revoke probation is statutory; therefore, the court must act within the limits of the statutes. *State ex rel. Schock v. Barnett,* 42 Wn.2d 929, 931, 259 P.2d 404 (1953). The trial court's power to set conditions of probation on a suspended or deferred sentence is governed by RCW 9.95.210.[1] That statute provides in pertinent part as follows:

> Conditions may be imposed on probation. In granting probation, the court may suspend the imposition or the execution of the sentence and may direct that the suspension may continue upon such conditions and for such time as it shall designate, not exceeding the maximum term of sentence or two years, whichever is longer.
>
> In the order granting probation and as a condition thereof, the court may in its discretion imprison the defendant in the county jail for a period not exceeding one year and may fine the defendant any sum not exceeding the statutory limit for the offense committed, and court costs.

RCW 9.95.210. The court's power to revoke or modify terms of probation is governed by RCW 9.95.230:

> Court revocation or termination of probation. The court shall have authority at any time prior to the entry of an order terminating probation to (1) revoke, modify, or change its order or suspension of imposition or execution of sentence; (2) it may at any time, when the ends of justice will be subserved thereby, and when the reformation of the probationer shall warrant it, terminate the period of probation, and discharge the person so held.

Appellant contends that the trial court erred in refusing to grant her credit for the time she had already served in the King County Jail. She argues that the statute allows a 1-year county jail term during the entire probationary period. While there is no case law directly on point, she relies on dicta in *In re Phelan,* 97 Wn.2d 590, 647 P.2d

---

[1] This case is not governed by the sentencing reform act because the crime was committed prior to July 1, 1984. *See* RCW 9.94A.905.

1026 (1982). There the court was concerned with the issue of granting credit against the maximum sentence for time served while on probation.[2] *Phelan,* at 594. In determining the credit that must be given, the court noted that the trial judge imposed 30 days beyond the 1 year total time permitted by RCW 9.95.210. *Phelan,* at 597. The court stated that the trial judge exceeded his authority by this action.

> Thereafter, in an effort to avoid having to revoke petitioner's probation, the trial judge sentenced petitioner to an additional 30 days in county jail. Even though the trial judge exceeded his authority by sentencing petitioner to 30 days in excess of the 1–year total time permitted by RCW 9.95.210, we believe petitioner should be entitled to no more than 30 days of additional credit against his maximum sentence under the *Reanier* [*v. Smith,* 83 Wn.2d 342, 517 P.2d 949 (1974)] rationale.

*Phelan,* at 597. Respondent correctly notes that the issue discussed in this case was not before the *Phelan* court.

Respondent offers three arguments in support of the trial court's refusal to grant credit for time served. First, respondent contends that the cited dicta in *Phelan* conflicts with the sentencing reform act (SRA) scheme which allows the court to impose a jail term as a penalty for failure to comply with the requirements or conditions of a sentence. RCW 9.94A.200. Respondent fails to recognize, however, that the SRA specifically provides for a jail term sanction of up to 60 days for each violation,[3] whereas the pre–SRA statutes that govern this case do not contain such a provision. Respondent's reliance on *State v. Martin,* 102 Wn.2d 300, 684 P.2d 1290 (1984) is inapposite for the same reason. There our Supreme Court held that the 30–day penalty for violation of a court order that is authorized under RCW 13.40.200 of the juvenile justice code is in addition to, not in lieu of, the original sentence. *Martin,* at 304–05. Unlike

---

[2] In *State v. Phelan,* 100 Wn.2d 508, 515, 671 P.2d 1212 (1983), our Supreme Court held that a defendant must also be granted credit for time served against a minimum sentence.

[3] RCW 9.94A.200(2)(b).

the juvenile justice code and the SRA, the pre–SRA adult sentencing statutes do not contain comparable provisions indicating specific penalties for each probation violation.

Second, respondent argues that the *Phelan* dicta should not be controlling because it would put a severe restriction on the trial court's ability to supervise probationers. The pre–SRA case law, however, holds that the trial court's discretion in probation matters is controlled by statute, and "when the statutory provisions are not followed, the action of the court is void." *State v. Hall*, 35 Wn. App. 302, 305, 666 P.2d 930 (1983). In the instant case, RCW 9.95.210 limits the county jail term that the court may impose as a condition of probation to no more than 1 year.

Respondent's third argument is based on the contention that this is an issue of statutory interpretation. The State correctly points out that when interpreting one statutory provision, the whole statute must be considered so all of the provisions can be harmonized to give a proper construction to each. *In re Piercy*, 101 Wn.2d 490, 492, 681 P.2d 223 (1984). Applying this principle of statutory construction, it must be noted that there is no provision in the pre–SRA statutes comparable to the SRA or the juvenile justice code provision providing specific sanctions for probation violations.

Furthermore, undefined terms in a statute will be given their ordinary meaning. *State v. Bodey*, 44 Wn. App. 698, 703, 723 P.2d 1148 (1986). The pre–SRA statute authorizes the court to imprison the defendant in the county jail for a period "not exceeding one year". RCW 9.95.210. Webster's dictionary defines "exceed" as "to extend outside of or enlarge . . ." *Webster's Third New International Dictionary* 791 (1969). The 1–year limit is clear.

■ To read the statute as respondent suggests would require the addition of "at any given time." This could result in a defendant serving well in excess of 1 year in the county jail if there were numerous instances of probation violations. The statutory scheme, as discussed, assumes that incarceration for more than 1 year will be in a state

prison, not a county jail. The statute does not distinguish between imposition of a jail sentence in the original probation order and in a modification order. RCW 9.95.210. Thus, read as a whole, the statute limits the maximum aggregate county jail term that may be imposed as a condition of probation to 1 year. Since RCW 9.95.210 is the sole basis of the trial court's authority to utilize county jail time as a condition of probation, the trial court erred in imposing 1 year of county jail time without giving appellant credit for time served.

On remand, the trial court's options are to either revoke appellant's suspended sentence or to continue probation and grant her credit for the time already served in the county jail against the 1–year term imposed as a condition of continued probation.

Reversed and remanded.

WILLIAMS and WEBSTER, JJ., concur.