IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36534-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMEL WILLIAM DALLUGE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Amel Dalluge appeals the sentence imposed following his plea of guilty to possession of a controlled substance (heroin). He contends his sentence violates the constitutional protection against double jeopardy because the trial court failed to give him credit for time he was subject to restrictive pretrial release conditions.

The pretrial release conditions did not constitute "partial confinement" under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, and for double jeopardy purposes were not punitive by intent or sufficiently restrictive to negate their nonpunitive intent. For those reasons and because Mr. Dalluge raises no meritorious arguments in a pro se statement of additional grounds, we affirm.

FACTS AND PROCEDURAL BACKGROUND

In January 2017, the State charged Amel Dalluge with possession of a controlled

substance (heroin). At Mr. Dalluge's preliminary appearance in Grant County Superior

Court a few days after charges were filed, the court signed an order imposing conditions

of release and setting bail at $5,000, which Mr. Dalluge could post by signature bond.

The form of the order, and in particular, the failure to check off its paragraph 2

(identifying reasons for conditioning pretrial release) is raised as an issue on appeal. We

reproduce the portion of the order setting forth the conditions of release:

THE COURT having found probable cause to detain [ ] Defendant named above (or, [ ] material witness named _____ ) it is ordered that he/she be released from custody of the Grant County Jail on the following conditions only:

[ ]  1. On personal recognizance without conditions except the obligation to appear as and when instructed by the court.

[ ]  2. Because personal recognizance will not reasonably assure the presence of defendant / material witness when required, or because there exists a substantial danger that the said person will commit a serious crime, jeopardize the personal safety of any person, or unlawfully interfere in the administration of justice, on the following conditions:

[X]  3. Once counsel is assigned or retained, make contact with your attorney's office **every week**. Your attorney may be required to report to the Court on your contacts with your attorney.

[X]  4. Do not leave Washington or change your address unless you have written permission from the court. .

[X]  5. Defendant / ~~Material Witness~~ will reside at: *550 Castle Dr. Moses Lake WA*

[X]  6. **PROHIBITED ACTS**. Do not: .

[X]  7. Do not use or possess a firearm. .

[X]  8. Do not commit any criminal offense. .

[ ]  9. **CURFEW**. Do not leave your residence between the hours of ____ p.m. and ____ a.m. except for _____

[ ]  10. Contact or communicate with the [ ] alleged victims or [ ] witnesses or with members of their immediate family, in any manner whatsoever, directly or indirectly, in person, in writing, by phone or electronic means, personally or through a third person.

[ ]  11. Contact or communicate in any such way with _____.

[ ]  12. Go within ____ feet of _____.

[X]  13. Use or possess any controlled substance, except by prescription. [ ] Consume any alcoholic beverage.

Clerk's Papers (CP) at 82. The order was signed by Mr. Dalluge. There is no record that

Mr. Dalluge or his later-appointed counsel ever questioned why the trial court did not

2

check off paragraph 2. Mr. Dalluge did not cause the record of his January 2017 preliminary appearance to be transcribed and included in the record on appeal.

Mr. Dalluge entered a guilty plea but was not sentenced until January 2019. Reasons for the delay included a continuance granted because Mr. Dalluge had not had contact with his counsel, Mr. Dalluge's failure to appear for an omnibus hearing, the State's unsuccessful attempt to globally settle Mr. Dalluge's several pending criminal matters, Mr. Dalluge's decision in May 2018 to plead guilty to the possession of heroin charge, and his unsuccessful effort to later withdraw the guilty plea.

When Mr. Dalluge was finally sentenced in January 2019, the trial court imposed 14 months of confinement and 12 months of community custody. Mr. Dalluge timely appealed.

After Mr. Dalluge's appellate counsel raised only a double jeopardy challenge to the sentencing court's failure to credit Mr. Dalluge for time served under pretrial release conditions, the State moved to dismiss this appeal as moot. It pointed out that Mr. Dalluge was sentenced in March 2019 to 43 months of confinement in Grant County Superior Court cause no. 18-1-00315-9, having been convicted of burglary, possession of stolen property, and theft charges (the "burglary conviction"). State's Mot. to Dismiss (Nov. 15, 2019) at 2. The sentence for the burglary conviction is being served concurrently with the sentence in this matter. The State argued that even assuming Mr. Dalluge earned all available early release credits, his release date for the burglary

3

conviction would be long after his incarceration for the present heroin charge had ended. It argued that crediting him with additional time served for the possession of heroin conviction would change nothing.

Mr. Dalluge opposed the State's motion. The State's motion had observed that the sentence for the burglary conviction did not include community custody, and Mr. Dalluge's community custody for his heroin conviction would not begin until after he was released from custody. Mr. Dalluge suggested this could be an illegal hybrid sentence, and we could grant effective relief if he were allowed to supplement his opening brief to assert a hybrid sentence challenge.

A commissioner of this court denied the State's motion to dismiss the appeal as moot and granted Mr. Dalluge's request to file a supplemental brief. *State v. Dalluge*, No. 36534-4-III, Comm'r's Ruling at 3-5 (Wash. Ct. App. Jan. 23, 2020) (on file with the court). Ultimately, Mr. Dalluge's appellate counsel did not file a supplemental brief. Mr. Dalluge thereafter filed a pro se motion asking us to hold his appellate counsel in contempt. The motion was referred to the panel for decision.

## ANALYSIS

I. THE PRETRIAL RELEASE CONDITIONS IMPOSED WERE NOT CONFINEMENT NOR DID THEY SUBJECT MR. DALLUGE TO DOUBLE JEOPARDY

Washington's legislature has plenary authority over sentencing. *State v. Jones*, 182 Wn.2d 1, 6, 338 P.3d 278 (2014) (citing *State v. Benn*, 120 Wn.2d 631, 670, 845

4

P.2d 289 (1993)). Whether a defendant receives credit toward his sentence for time served under restrictive pretrial release conditions is a statutory question unless the statute violates a constitutional provision. *State v. Speaks*, 119 Wn.2d 204, 209, 829 P.2d 1096 (1992).

> *Mr. Dalluge is not entitled under the SRA to credit for time served under pretrial release conditions*

RCW 9.94A.505(6) requires a sentencing court to "give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." The SRA defines "confinement" as "total or partial confinement." RCW 9.94A.030(8). "Total confinement" means confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state or any other unit of government for twenty-four hours a day, or pursuant to RCW 72.64.05 and 72.64.060." RCW 9.94A.030(53). "Partial confinement" is defined as confinement for no more than one year in a facility or institution operated or utilized under contract by the state or any other unit of government,

> or, if home detention, electronic monitoring, or work crew has been ordered by the court or home detention has been ordered by the department as part of the parenting program or the graduated reentry program, in an approved residence, for a substantial portion of each day with the balance of the day spent in the community. Partial confinement includes work release, home detention, work crew, electronic monitoring, and a combination of work crew, electronic monitoring, and home detention.

RCW 9.94A.030(36). In *State v. Medina*, our Supreme Court construed this language (which remained unchanged from former RCW 9.94A.030(26) (1991), at issue in *Medina*) as equating "confinement" with "residence," pointing to its reference to "confinement . . . in an approved *residence.*" 180 Wn.2d 282, 289, 324 P.3d 682 (2014). It held that the requirement that Medina check in daily to a King County program, and do so in person much of the time, did not entitle him to credit for time spent in the program. *Id.* at 286.

Mr. Dalluge acknowledges he was not confined by means for which credit is *mandated*, but argues he was not statutorily *prohibited* from receiving credit for time spent subject to the pretrial release conditions. Br. of Appellant at 5. In Washington, however, all sentencing authority is statutory. *State v. Phelps*, 113 Wn. App. 347, 354-55, 57 P.3d 624 (2002); *see also State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991) (imposing restitution is derived from statute). Lacking statutory authorization, the trial court could not give Mr. Dalluge credit for times when he was out of custody but subject to pretrial release conditions.

Conditioning Mr. Dalluge's release on requirements that he contact appointed counsel weekly, reside at his disclosed address and not leave Washington or change that address without court permission, not use or possess a firearm or commit any criminal offense, and not use or possess any controlled substance except by prescription, is not "partial confinement" under the SRA.

6

> *Denying Mr. Dalluge credit for the time he was subject to pretrial release
> conditions did not subject him to double jeopardy*

Alternatively, Mr. Dalluge argues that the federal and state constitutions require that he receive credit for the time when the pretrial release conditions applied. He attempts to support this in part by pointing out that the trial court failed to check off paragraph 2 of its order setting conditions of release to indicate that the court had a sufficient reason for imposing pretrial release conditions.

A court is required to release a defendant on his personal recognizance pending trial unless it determines that such recognizance will not reasonably assure the defendant's appearance when required, or there is shown a likely danger that the accused will commit a violent crime, seek to intimidate witnesses, or otherwise unlawfully interfere with the administration of justice. CrR 3.2(a). When determining the conditions of pretrial release, the court must impose the least restrictive conditions that will reasonably assure the defendant's appearance. CrR 3.2(b).

The State responds that the failure to check off paragraph 2 was an obvious scrivener's error, pointing out that Mr. Dalluge has a long history with the Grant County Superior Court—at the time the pretrial release conditions were imposed, Mr. Dalluge had previously been convicted in Washington of 12 felonies, all but one having occurred in Grant County. Br. of Resp't at 6 (citing CP at 61). This is plausible, but the simpler answer is that if Mr. Dalluge believes the trial court failed to make a required finding

before imposing the conditions, he has not assigned error to the failure to make the finding. Instead, he argues that since he was subjected to the conditions, he is entitled to credit for "time served." Whether or not the court failed to make a finding is irrelevant to the double jeopardy issue, which turns only on the conditions' punitive intent or effect.

To determine whether a government action is sufficiently punitive to trigger the double jeopardy protections provided by the Fifth Amendment to the United States Constitution and article I, section 9 of our state constitution, we apply a two-part test. *Medina*, 180 Wn.2d at 293 (citing *Harris v. Charles*, 171 Wn.2d 455, 467, 256 P.3d 328 (2011)). We first look at whether the express or implied intent of the government sanction is punitive; if it is not, the analysis turns on whether the sanction's purpose or effect nevertheless is so punitive as to negate that intent. *Harris*, 171 Wn.2d at 467. Mr. Dalluge bears the burden of proof on this issue. *Medina*, 180 Wn.2d at 294.

It is well settled that conditions of pretrial release imposed under CrR 3.2 are not intended to be punitive; they are intended to alleviate some of the burdens imposed upon the accused while awaiting trial, while at the same time ensuring his appearance. *Medina*, 180 Wn.2d at 293 (citing *Harris*, 171 Wn.2d at 467-69). As for purpose or effect, a defendant must present clear proof that a sanction not labeled as punitive is still so punitive as to be subject to the double jeopardy prohibition on multiple penalties. *Harris*, 171 Wn.2d at 470. Our Supreme Court has recognized a clear distinction between jail time and nonjail time. *Id.* (citing *In re Pers. Restraint of Knapp*, 102 Wn.2d

8

466, 471, 687 P.2d 1145 (1984)).  For example, a defendant is not constitutionally entitled to credit for nonjail time served on probation, despite possibly severe restrictions imposed on the defendant's liberty.  *Id.* (citing *In re Pers. Restraint of Phelan*, 97 Wn.2d 590, 597-98, 647 P.2d 1026 (1982); *Knapp*, 102 Wn.2d at 471)).

In *Medina*, our Supreme Court affirmed the denial of credit for time spent subject to a pretrial program participation condition that was considerably more onerous than the conditions imposed on Mr. Dalluge.  Mr. Dalluge fails to show that the pretrial release conditions imposed are severe enough restriction to negate CrR 3.2's nonpunitive intent—indeed, they allowed him to live largely as he had before he was charged.

## STATEMENT OF ADDITIONAL GROUNDS

In a pro se statement of additional grounds (SAG), Mr. Dalluge raises four:

*Common practice not to check off paragraph 2 of Grant County's form order setting conditions of release*.  Mr. Dalluge asserts that other orders setting conditions of release to which he was subject in prior prosecutions have not had paragraph 2 checked off, from which he concludes it is an erroneous "common practice" to fail to check the box.  Not only does this depend on facts outside the record on appeal, but he fails to explain how, if this *is* common practice, it entitles him to relief.  If he believes that the common practice is the basis for some relief, his remedy is to present his evidence of this common practice and related argument in a personal restraint petition.  *See State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

9

*Contacting counsel.* Mr. Dalluge contends that the release condition requiring him to contact his assigned counsel on a weekly basis violated attorney-client privilege. The condition did not require any disclosure of the subject matter of the required client-counsel contact. We will not consider an argument that does not inform us of the nature and occurrence of any interference with Mr. Dalluge's attorney-client privilege. *See* RAP 10.10(c).

*Request for damages under federal law.* Mr. Dalluge asks that we award him $230,000,000 in monetary compensation as a remedy under 18 U.S.C §§ 241 and 242. Neither statute authorizes an award of monetary compensation; both are criminal statutes that authorize fines (payable to the government) in addition to imprisonment.[1] Mr. Dalluge also fails to explain how the substance of either statute applies to him. *See* RAP 10.10(c).

*Hybrid sentence and related motion for contempt.* Finally, Mr. Dalluge advances the argument first suggested by his appellate counsel in resisting the State's mootness

---

[1] 18 U.S.C. § 241 authorizes a fine or imprisonment "[i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States." 18 U.S.C. § 242 provides, "Whoever . . . willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both."

argument: that if his community custody in this matter does not begin to run until he is released from custody for his burglary conviction, it constitutes an illegal hybrid sentence.

A single sentence that is part concurrent and part consecutive is an unlawful hybrid sentence. *State v. Grayson*, 130 Wn. App. 782, 786, 125 P.3d 169 (2005) ("Nothing in [RCW 9.94A.589(3)] suggests that the court pronouncing 'the sentence' can divide it into two parts, one part to run concurrently with the other sentences and the other consecutively."). The statute "requires the sentencing court to make an 'either-or' choice." *Id.* at 783. The sentence imposed for Mr. Dalluge's heroin conviction could not be hybrid: it is a single sentence, for a single conviction. Standing alone, the concepts of concurrent and consecutive have no application to it.

The time when Mr. Dalluge will serve his community custody is dictated by a different statute, RCW 9.94A.171(3)(a), which provides:

> any period of community custody shall be tolled during any period of time the offender is in confinement for any reason unless the offender is detained pursuant to RCW 9.94A.740 or 9.94A.631 for the period of time prior to the hearing or for confinement pursuant to sanctions imposed for violation of sentence conditions, in which case, the period of community custody shall not toll.

Under the statute, Mr. Dalluge's community custody imposed in this matter is tolled during the period of time he is in confinement for the burglary conviction and will run thereafter. No "hybrid sentence" issue is presented.

11

Turning to Mr. Dalluge's motion asking that we hold his appellate counsel in contempt, we did not "order" counsel to file a supplemental brief as he asserts; we gave counsel the option. Mr. Dalluge has no viable argument that he is being subjected to an unlawful hybrid sentence. We assume that after further review, his appellate counsel came to this conclusion, hence her decision not to file a supplemental brief. Mr. Dalluge's motion for an order finding his appellate counsel in contempt is denied.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Korsmo, A.C.J.

Lawrence-Berrey, J.