Grosse, J.
The drug offender sentencing alternative (DOSA) statute[1] provides a relatively straightforward basis for qualified offenders to reduce by one-half the time they serve in prison. If offenders fail the DOSA program, they lose that benefit and must serve the full sentence imposed by the trial court. As with other offenders, DOSA offenders are entitled to earned early release or good time credit. Good time credit applies to time spent in incarceration regardless of whether that time was spent before or after failing the DOSA program. There is no other import to the *874 statutory language, and any other interpretation would render the application of good time to failed DOSA offenders inconsistent to that of other offenders, most of whom pose a significantly greater risk to the community than do drug offenders. We apply common sense to legislative enactments when it is not directly contrary to legislative dictates. We grant the personal restraint petition and remand to the Department of Corrections (DOC) for recalculation of James Taylor’s release date in accordance with this opinion.
FACTS
James Taylor committed a residential burglary on July 23, 2000. The trial court sentenced Taylor to a total of 73.5 months and allowed him to take advantage of the DOSA alternative to serve 36.75 months in prison and 36.75 months community custody.
Taylor committed a violation of the Uniform Controlled Substances Act (VUCSA), chapter 69.50 RCW, on September 25, 2000. The trial court imposed a total sentence of 60 months and allowed Taylor to take advantage of the DOSA alternative and serve 30 months in prison and 30 months community custody. The trial court ordered that this sentence was to run concurrently with the burglary sentence.
Each judgment and sentence further stated that, in accordance with former RCW 9.94A.120(6)(c) and (e), if Taylor failed to complete or was terminated from the DOSA program, he would be reclassified to serve “the balance of the unexpired term of the sentence.” In addition, the trial court imposed “additional terms of Community Custody upon failure to complete or administrative termination from D.O.S.A. program” equal to “the entire period of earned early release.” DOC credited Taylor with 22 days of jail time served and with 11 days of jail earned early release credit.
Taylor served approximately 24 months in prison, and was released to community custody based on his having *875 earned good time credit of one-third of the total confinement term of 36.75 months. Three days after his release to community custody, Taylor committed another residential burglary. DOC reclassified Taylor to serve his original sentence, consisting of the second half of his DOSA sentence plus the good time he had earned but not yet served in community custody. Taylor filed a personal restraint petition, arguing that DOC has essentially improperly revoked the good time he had already earned and been credited with when it imposed the good time as part of the unexpired term of his DOSA.
ANALYSIS
Under the DOSA statute, an inmate receives the opportunity to serve only one-half of his total sentence in prison[2] and to serve the remainder of the total sentence in community custody while obtaining treatment for substance abuse.[3] If an inmate fails to complete or is administratively terminated from the DOSA program, he “shall be reclassified to serve the unexpired term of his . . . sentence as ordered by the sentencing judge and shall be subject to all rules relating to community custody and earned early release time.”[4] This court has stated that the unexpired term is “the other half of his sentence.”[5] Thus, upon revocation the former DOSA alternative sentence becomes a sentence like any other. In this case, Taylor’s total sentence was 73.5 months on the residential burglary and 60 months on the VUCSA, running concurrently.
Taylor contends that DOC erred in imposing a post-DOSA-revocation sentence that requires him to serve his previously earned good time in confinement as part of his unexpired DOSA term, essentially revoking his previ *876 ously earned good time credit. An inmate has “a limited, but protected, liberty interest” in his good time credit.[6] DOC’s compliance with statutory requirements affecting release from confinement is a protected liberty interest.[7] An inmate has no opportunity other than through a personal restraint petition to obtain state judicial review of a decision by DOC that deprives an inmate of earned early release; to obtain review, the inmate must show that he is restrained and that the restraint is unlawful.[8]
DOC argues that, although Taylor’s sentence became a normal sentence once his DOSA sentence was revoked, he may not receive the good time he earned for good behavior while he was incarcerated. Instead, Taylor must now serve this term of good time as well as the second half of his DOSA sentence in confinement and may earn early release credit only on this time. Thus, Taylor would earn good time credit on the 12 months of good time he now must serve, or 4 months, and on the 36.75 second half of his DOSA sentence, or 12.25 months. Taylor would earn a total of 16.25 months, approximately 8 months less than the one-third of his total sentence that the statute allows.
 DOC’s interpretation would deprive Taylor of the good time credit he has already earned on the time he has already served in confinement and would contradict both the DOSA statute, which states that after revocation an inmate is subject to all the rules of early release, and the earned early release statute, which allows inmates to earn time off their sentences for good behavior. The statutes are plain and unambiguous and need no interpretation.[9]
*877 Under the terms of the statutes, after DOSA revocation, Taylor has a total sentence of 73.5 months. He has served 24.5 months of his total sentence and received 12.25 months earned early release credit, for a total of 36.75 months. According to the plain language of the earned early release statute, he must now serve the remainder of his total sentence of 73.5 months. The remainder of the sentence is 36.75 months, and Taylor may earn up to 12.25 months good time on it. After he completes the remainder of his confinement, he must serve all the early release time earned on both halves of his prior DOSA sentence in community custody. Thus, Taylor will serve two-thirds of his total sentence in confinement and the remainder in community custody, assuming he earns the maximum possible good time. He will not be deprived of the good time he is allowed to earn under the statute.
Any other approach would deprive the inmate of the good time he has legitimately earned prior to DOSA revocation and would impose sentences on inmates who fail the DOSA alternative inconsistent with those of other inmates. We grant Taylor’s personal restraint petition and remand to DOC for computation of Taylor’s sentence, giving credit for all his good time from the first half of his DOSA term and for his jail earned early release time, and allowing him to earn good time on the remaining 36.75 months of his total sentence.[10]
CONCLUSION
We grant the personal restraint petition and remand to DOC for recalculation of Taylor’s release date in accordance with this opinion.
Kennedy and Schindler, JJ., concur.

 Former RCW 9.94A.120(6) (2000) (recodified as ROW 9.94A.660 by Laws of 2001, ch. 10, § 6).

 Former RCW 9.94A.120(6)(b).

 Former RCW 9.94A.120(6)(b)(i); State v. Kane, 101 Wn. App. 607, 609, 5 P.3d 741 (2000).

 Former RCW 9.94A.120(6)(e).

 Kane, 101 Wn. App. at 609.

 In re Pers. Restraint of Dutcher, 114 Wn. App. 755, 758, 60 P.3d 635 (2002) (citing In re Pers. Restraint of Crowder, 97 Wn. App. 598, 600, 985 P.2d 944 (1999)).

 In re Dutcher, 114 Wn. App. at 758 (citing In re Pers. Restraint ofCashaw, 123 Wn.2d 138, 144, 866 P.2d 8 (1994)).

 In re Dutcher, 114 Wn. App. at 758 (citing In re Cashaw, 123 Wn.2d at 148-49, and In re Pers. Restraint of Capello, 106 Wn. App. 576, 580-81, 24 P.3d 1074 (2001)).

 Former ROW 9.94A.150(1) (2000) (recodified as RCW 9.94A.728(1) by Laws of 2001, ch. 10, § 6).

 Taylor also contends that residential burglary is not a crime for which community custody is required; however, as the DOSA statute states that a term of community custody pursuant to former ROW 9.94A.120(11) is required upon DOSA revocation, this argument is not well taken. The community custody term is required for all sentences imposed after DOSA revocation.