123 P.3d 496 (2005)
130 Wash.App. 498
In re Personal Restraint of Timothy John REIFSCHNEIDER, Petitioner.
No. 55254-6-I.
Court of Appeals of Washington, Division 1.
November 21, 2005.
As Amended on Denial of Reconsideration December 22, 2005.
*497 David Donnan, Seattle, Timothy John Reifschneider, Monroe, for Appellant.
Alex A Kostin, Olympia, for Respondent.
COLEMAN, J.
¶ 1 Petitioner Timothy Reifschneider was sentenced to prison time and a subsequent period in community custody, under the Drug Offender Sentencing Alternative (DOSA) statute. At the end of his confinement period, he was held beyond his earned early release date because he failed to provide the Department of Corrections (DOC) with a satisfactory residence address for his release plan, and he was not allowed to earn any good time credit during this 252-day extension period. His community custody sentence was eventually revoked, and Reifschneider was returned to prison. We grant Reifschneider's personal restraint petition (PRP) because he has shown he was unlawfully restrained by the DOC's refusal to credit him with good time properly earned during his confinement.

FACTS
¶ 2 Reifschneider was convicted of residential burglary and sentenced under the DOSA statute, former RCW 9.94A.120(6)(a) (2000), to 36.75 months in prison and 36.75 months in community custody. At the end of his period of incarceration, he was held for an additional 252 days because he was unable to provide the DOC with a satisfactory address in his release plan.
¶ 3 After Reifschneider was released into community custody, he violated the terms of his release and was returned to prison to complete his sentence (36.75 months less 41 days successfully served in community custody). At that time, DOC did not apply any good-time credit earned during Reifschneider's 252 days of additional incarceration from the first confinement portion of his sentence, but calculated his early release date based on good-time credit earned only during this second portion of his DOSA sentence.
¶ 4 Reifschneider brought a PRP, and counsel was subsequently appointed to address whether an inmate is entitled to earn good-time credits for a period he remained incarcerated between his earned early release date and the date of his actual release, when the delay was due to the inmate's inability to obtain an approved release plan.

STANDARD OF REVIEW
¶ 5 A personal restraint petitioner may obtain relief by demonstrating either a constitutional violation or a violation of the laws of the state of Washington. RAP 16.4(c)(2), (6); In re Pers. Restraint of Cashaw, 123 Wash.2d 138, 148, 866 P.2d 8 (1994). Constitutional guarantees protect against deprivation *498 of life, liberty, or property interests without due process, and an inmate has a limited liberty interest in good-time credits. In re Pers. Restraint of Dutcher, 114 Wash. App. 755, 758, 60 P.3d 635 (2002). Thus, a DOC decision that wrongfully denies an inmate good-time credits results in an unlawful restraint of the inmate and can be challenged in a PRP if the inmate has had no other means of obtaining judicial review of the decision. Dutcher, 114 Wash.App. at 758, 60 P.3d 635 (citing In re Pers. Restraint of Capello, 106 Wash.App. 576, 580-81, 24 P.3d 1074 (2001)).

ANALYSIS

Mootness
¶ 6 For this court to be able to grant relief, RAP 16.4(a) requires that a petitioner be under a present unlawful restraint. Since bringing his PRP, Reifschneider's sentence has expired and he has been released unconditionally from DOC custody. This case should be reviewed on the merits despite its mootness, however, because there is continuing public interest in the proper administration of earned early release credits awarded to inmates. The application of good-time credit to an extended confinement is likely to be a recurring issue, and likely to evade review because the extension periods are relatively brief. See In re Pers. Restraint of Liptrap, 127 Wash.App. 463, 470, 111 P.3d 1227 (2005); In re Pers. Restraint of Mines, 146 Wash.2d 279, 285, 45 P.3d 535 (2002).

DOC good-time credit calculations
¶ 7 The DOC argues that because it calculated the good-time credits due to Reifschneider during the initial confinement portion of his sentence and used those credits to calculate his early release date, it thereby awarded the statutory maximum amount of good-time credit for that portion. The DOC also calculated the time served in the community and good-time credits earned by Reifschneider during the second portion of his sentence and applied those credits to calculate his final release date. Because the DOC calculated good-time credits for both halves of Reifschneider's sentence, it claims that to also award good-time credits on his extra period of confinement would violate the RCW limitation of good-time credit to one-third of the total sentence.
¶ 8 The DOSA statute provides that an inmate can serve one-half of his sentence in confinement and the second half of the sentence in community custody. Former RCW 9.94A.120(6)(b)(i) (2000); State v. Kane, 101 Wash.App. 607, 609, 5 P.3d 741 (2000). If an inmate fails to comply with the community custody program, the inmate "shall be reclassified to serve the unexpired term of his ... sentence as ordered by the sentencing judge and shall be subject to all rules relating to community custody and earned early release time." Former RCW 9.94A.120(6)(e) (2000).
¶ 9 The good-time credit statute in effect at the time of Reifschneider's conviction, codified at former RCW 9.94A.150(1) (2000), authorized correctional facilities to award earned early release credits, but such credits could not exceed one-third of the total sentence. See In re Pers. Restraint of Williams, 121 Wash.2d 655, 659, 853 P.2d 444 (1993). Offenders sentenced pursuant to DOSA are entitled to earned early release credits in the same manner as other inmates. In re Pers. Restraint of Taylor, 122 Wash. App. 880, 881, 95 P.3d 790 (2004). Good-time credit applies to time spent in incarceration regardless of whether that time was spent before or after an inmate fails the DOSA program. Taylor, 122 Wash.App. at 881, 95 P.3d 790.
¶ 10 Because Reifschneider was incarcerated for a period of 252 days beyond his earned early release date, the DOC was required to award good-time credits for that period of incarceration to be applied in the event the community custody portion of the sentence is revoked. The fact that he was incarcerated due to his failure to provide an address does not change the fact that he was indeed confined in prison during this period. There is no evidence that Reifschneider did not comply with prison rules during this confinement, thus justifying a forfeiture of good-time credits.
*499 ¶ 11 The DOC's attempt to separate the 252-day period of Reifschneider's extended confinement from the rest of his incarceration is not consistent with principles explained in In re Pers. Restraint of Phelan, 97 Wash.2d 590, 647 P.2d 1026 (1982), or the good-time credit statute itself. Addressing whether good-time credit should be given for presentencing confinement, the Phelan court held that an inmate is entitled to credit for "all jail time served exclusively on the principal underlying charge" against a maximum prison sentence. Phelan, 97 Wash.2d at 592, 647 P.2d 1026.
¶ 12 RCW 9.94A.728(1) states that correctional facilities must award earned early release credits on pre-sentencing confinement, and the DOC provides no persuasive reason why extended confinement should be treated differently. Although Reifschneider's confinement was extended because of his own failure to propose a satisfactory release plan, his confinement was still being served on his underlying conviction. Once the community portion of his sentence was revoked and Reifschneider was re-incarcerated, his sentence should have been viewed as one sentence  not two halves  for the purposes of calculating good-time credit. He should have been awarded good-time credit on all time he spent confined, regardless of whether it was during the first or second portion of his sentence.
¶ 13 The DOC argues that it was prohibited from awarding Reifschneider good-time credit on the 252-day period because of the statutory limitation of good-time credit to no more than one-third of his sentence. The DOC did calculate Reifschneider's good-time credits in order to determine an early release date and awarded him good-time credits amounting to one-third of his original confinement period in this calculation. The DOC's mere projection of an earned early release date does not amount to an award of good-time credits, however, because Reifschneider was not actually released on that projected date and went on to spend more than two-thirds of his total sentence in confinement.
¶ 14 An inmate earns good-time credit as he serves time in confinement (not in advance), and thus Reifschneider should have continued to accrue credit as he remained confined beyond his original early release date. In many instances, good-time credit accumulated during an extended confinement period will never be carried over because the inmate successfully completes the community custody period. When the inmate is re-incarcerated, however, the DOC must look to the entire period of confinement served on a particular sentence when awarding good-time credit to an inmate.
¶ 15 Because the DOC's refusal to award good-time credit during Reifschneider's entire period of confinement violated his limited liberty interest to earn such credit, he was unlawfully restrained. Such unlawful restraint satisfies the requirements of RAP 16.4. We grant Reifschneider's PRP and hold that an inmate must be allowed to accrue good-time credits when he or she is held beyond the earned early release date for failure to submit an approved release plan. The DOC must consider any good-time credits earned during the confinement portion of a DOSA sentence if the community custody portion is subsequently revoked and the inmate is re-incarcerated.
WE CONCUR: SCHINDLER and AGID, JJ.