180 P.3d 790 (2008)
In re Personal Restraint Petition of Joseph Frank ALBRITTON, Petitioner.
No. 58832-0-I.
Court of Appeals of Washington, Division 1.
March 24, 2008.
*791 Nancy Collins, Seattle, for Appellant.
Ann Summers, King County Prosecutor's Office, Seattle, Alex Kostin, Olympia, for Respondent.
SCHINDLER, A.C.J.
¶ 1 A defendant sentenced under the Drug Offender Sentencing Alternative (DOSA) serves one half of the sentence in prison and the other half of the sentence in a substance abuse treatment program while on community custody. An offender who is terminated from the DOSA program while on community custody must serve the unexpired portion of the sentence in prison. Joseph Frank Albritton challenges the Department of Corrections' (DOC) calculation of his earned early release date. Albritton contends that when DOC revoked his DOSA sentence, he was entitled to receive credit for the community custody portion of the sentence, including the time he spent in jail for violating the conditions of community custody. Relying on the tolling statute in the Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW, former RCW 9.94A.625 (2003),[1] DOC argues that Albritton is not entitled to credit of the credit time that he was either absent from supervision or was incarcerated for any reason. We agree that Albritton is not entitled to receive credit for the periods of time when he was either absent from supervision or was incarcerated on unrelated charges. But under the DOSA statute, we conclude that an offender who fails to complete or is administratively terminated from the DOSA program while serving the community custody portion of the DOSA sentence is entitled to credit for the time spent in confinement for violating the conditions of that sentence. We grant Albritton's personal restraint petition in part and remand to DOC to calculate the credit Albritton is entitled to receive in accordance with this opinion.

FACTS
¶ 2 In March 2004, Joseph Frank Albritton pleaded guilty to committing theft in the second degree and malicious mischief. With an offender score of more than nine and a seriousness level of one, the standard sentence range was 22 to 29 months. At the sentencing hearing on March 12, the court allowed Albritton to take advantage of a DOSA sentence and imposed a 25.5 month sentence with 12.75 months in prison and the remaining 12.75 months in a substance abuse treatment program while on community custody. As mandatory conditions for the community custody portion of the sentence, the *792 court ordered Albritton to complete an approved substance abuse treatment program, submit to testing to monitor compliance, comply with DOC rules and regulations, and obey all laws. In accordance with former RCW 9.94A.660(5), the judgment and sentence also states that if Albritton fails to complete or is terminated from the DOSA program, he shall be reclassified to serve "the balance of the unexpired term of sentence." If terminated from the DOSA program, under the terms of the judgment and sentence an additional term of community custody is imposed of 9 to 18 months for any crime against a person, 9 to 12 months "for any violation of RCW 69.50/52" or "the entire period of earned early release, whichever is longer."
¶ 3 After serving the first part of his DOSA sentence, Albritton was released from prison on July 8, 2004, and began serving the community custody portion of his sentence. While on community custody, Albritton violated the conditions of his sentence by not reporting to the DOC Community Corrections Officer (CCO), not participating in or successfully completing substance abuse treatment, and committing new crimes.
¶ 4 From July 26 to October 9, 2004, Albritton did not report to his CCO.[2] On October 9, Albritton was arrested on a warrant for violating the conditions of his DOSA sentence. While in custody, Albritton entered into a stipulated agreement with DOC. Albritton waived his right to a hearing and admitted that he violated the terms of his sentence by not reporting to the CCO and not participating in the mandatory DOSA treatment program. Albritton was released on October 12.
¶ 5 After his release, Albritton did not report to his CCO or enroll in a treatment program. On December 14, the Seattle police arrested Albritton for robbery and theft. While incarcerated, DOC provided Albritton with notice of a hearing to address violations of the conditions of his DOSA sentence. Albritton waived his right to the hearing and agreed to a negotiated sanction of credit for time served. Albritton agreed to enroll in a treatment program within ten days of his release. Upon release, Albritton did not report as directed or enroll in a treatment program.
¶ 6 On March 8, 2005, Seattle police arrested Albritton on unrelated misdemeanor charges. Following his arrest, DOC scheduled a violation hearing for March 21. Because the CCO did not attend the hearing, DOC determined that "all allegations that would have been addressed at this hearing are now null and void." Albritton was released on March 21, and given credit for the time he was in jail from March 8.[3]
¶ 7 Albritton concedes that he did not report to DOC from March 21 to July 21, 2005. On July 21, Seattle police arrested Albritton on two burglary charges and on an outstanding DOC warrant for violating the conditions of his DOSA sentence. At the violation hearing, Albritton admitted that he violated the conditions of his DOSA sentence by failing to report from March 21 to July 21. Albritton received a 30-day sanction with credit for time served since his arrest on July 21, 2005. Albritton was in jail pending trial on the two burglary charges from July 21, 2005 to January 27, 2006.
¶ 8 On January 27, 2006, Albritton pleaded guilty to committing burglary in the second degree on October 25 and November 11, 2004. The court imposed a DOSA sentence on the burglary convictions to be served consecutively to his other DOSA sentence. On January 31, DOC terminated Albritton from the DOSA program on his 2004 DOSA sentence for failure to participate in the substance abuse treatment program, not reporting to DOC, and committing new crimes. DOC reclassified Albritton to serve the balance of the unexpired term of his 2004 DOSA sentence in prison. After Albritton was reincarcerated, DOC calculated an early release date. In a letter dated July 21, DOC set *793 forth the number of days Albritton received credit for while serving the community custody portion of his DOSA sentence and the number of days he did not receive credit for because he was unavailable for supervision or incarcerated. On September 21, Albritton filed a personal restraint petition (PRP) challenging DOC's calculation of his earned early release date and the credit he was entitled to receive while serving the community custody portion of his DOSA sentence.

ANALYSIS
¶ 9 Where, as here, an inmate in a PRP challenges a decision from which he has had "no previous or alternative avenue for obtaining state judicial review," RAP 16.4(a) requires the petitioner to show he has been unlawfully restrained. A restraint is unlawful if the challenged action is unconstitutional or violates the laws of the State of Washington. In re Pers. Restraint of Reifschneider, 130 Wash.App. 498, 501, 123 P.3d 496 (2005); In re Pers. Restraint of Dutcher, 114 Wash. App. 755, 758, 60 P.3d 635 (2002); RAP 16.4(c)(2), (6). An inmate has no alternative other than by means of a PRP to obtain judicial review of DOC's compliance with the statutory requirements for calculating earned early release credit. In re Pers. Restraint of Taylor, 122 Wash.App. 880, 884, 95 P.3d 790 (2004).
¶ 10 Albritton contends DOC did not give him credit for the community custody portion of his DOSA sentence as required by the statutory provision of the DOSA statute that addresses termination from the DOSA program, former RCW 9.94A.660(5).[4] In particular, Albritton points to the requirement that he shall be reclassified to serve the unexpired term "as ordered by the sentencing court . . . subject to all rules relating to earned early release time" to argue that he is entitled to credit for the time he spent on community custody and in jail for violating the conditions of his DOSA sentence.
¶ 11 Albritton claims that under former RCW 9.94A.660, he is entitled to credit for the community custody portion of his DOSA sentence regardless of whether he failed to report to his CCO, was in confinement for violating the conditions of his DOSA sentence, or was incarcerated on other unrelated charges. Citing the statutory provision that requires DOC to toll community custody, former RCW 9.94A.625, DOC contends that Albritton is not entitled to receive credit for the periods of time when he failed to report or was incarcerated for any reason.
¶ 12 DOSA is an alternate form of a standard range sentence under the SRA. State v. Smith, 118 Wash.App. 288, 292, 75 P.3d 986 (2003). If eligible for a DOSA, the defendant has the opportunity to serve one-half of the standard sentence range in prison and the other half in a treatment program while on community custody. Former 9.94A.660(4). During confinement, the defendant obtains a comprehensive drug abuse assessment and receives available treatment services. Former RCW 9.94A.660(2). While serving the community portion of the DOSA sentence, the defendant must comply with a number of mandatory conditions, including successfully participating in substance abuse treatment, following the rules and regulations of DOC, and obeying all laws. Former RCW 9.94A.660(2). Under former RCW 9.94A.660(5), if an offender fails to complete or DOC administratively terminates the offender from the DOSA program, the offender is reincarcerated to serve the balance of the unexpired sentence subject to the rules relating to earned early release.
¶ 13 Former RCW 9.94A.660 provides in pertinent part:
(3)(a) If the department finds that conditions have been willfully violated, the offender may be reclassified to serve the remaining balance of the original sentence.
. . .
(5) An offender who fails to complete the special drug offender sentencing alternative program or who is administratively terminated from the program shall be reclassified *794 to serve the unexpired term of his or her sentence as ordered by the sentencing court and shall be subject to all rules relating to earned release time. An offender who violates any conditions of supervision as defined by the department shall be sanctioned. Sanctions may include, but are not limited to, reclassifying the offender to serve the unexpired term of his or her sentence as ordered by the sentencing court. If an offender is reclassified to serve the unexpired term of his or her sentence, the offender shall be subject to all rules relating to earned release time.
¶ 14 DOC does not address the DOSA statute. Instead, DOC cites to the statutory provision that requires DOC to toll community custody to assert that Albritton is not entitled to credit for the periods of time that he failed to report to DOC or was incarcerated for any reason, including violating the conditions of his DOSA sentence. The tolling statute, former RCW 9.94A.625, provides in pertinent part:
(2) Any term of community custody, community placement, or community supervision shall be tolled by any period of time during which the offender has absented himself or herself from supervision without prior approval of the entity under whose supervision the offender has been placed. (3) Any period of community custody, community placement, or community supervision shall be tolled during any period of time the offender is in confinement for any reason. However, if an offender is detained pursuant to RCW 9.94A.740 or 9.94A.631[5] and is later found not to have violated a condition or requirement of community custody, community placement, or community supervision, time spent in confinement due to such detention shall not toll the period of community custody, community placement, or community supervision.
(4) For terms of confinement or community custody, community placement, or community supervision, the date for the tolling of the sentence shall be established by the entity responsible for the confinement or supervision.
¶ 15 In seeking to reconcile the provisions of the tolling statute and the DOSA statute, our primary objection is to give effect to the legislature's purpose and intent. State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003). When statutory language is unambiguous, we give effect to the plain meaning of the statute. State v. Delgado, 148 Wash.2d 723, 727, 63 P.3d 792 (2003). We cannot add words to an unambiguous statute when the legislature has chosen not to include them. Delgado, 148 Wash.2d at 727, 63 P.3d 792. The provisions of an act must be viewed in relation to each other and, if possible, harmonized to effect the acts overall purpose. Millay v. Cam, 135 Wash.2d 193, 199, 955 P.2d 791 (1998); City of Seattle v. State, 87 Wash.App. 715, 718, 943 P.2d 337 (1997).
¶ 16 The DOSA statute and the tolling statute can be harmonized. The purpose of a DOSA sentence is to allow offenders to serve a portion of their sentence in a substance abuse program while on community custody. Former RCW 9.94A.660; In re Pers. Restraint of McKay, 127 Wash.App. 165, 168, 110 P.3d 856 (2005). The mandatory conditions imposed by the court for the community custody portion of the sentence require the defendant to participate in a substance abuse program, comply with DOC rules and regulations, and obey all laws. To ensure compliance with community custody conditions, former RCW 9.94A.625 states that the period of community custody shall toll when an offender is unavailable for supervision. See State v. Flores-Serpas, 89 Wash.App. 521, 524, 949 P.2d 843 (1998). But whether the period of community custody tolls is a different question from whether an offender who is terminated from the DOSA program is entitled to receive credit for the community custody portion of the DOSA sentence.
¶ 17 The parties do not dispute that when a DOSA sentence is revoked, an offender should receive credit for the community *795 custody portion of the sentence if the offender was in compliance with the conditions of the sentence. There is also no dispute that Albritton is not entitled to receive credit for the time he spent in jail on unrelated offenses. State v. Stewart, 136 Wash.App. 162, 165, 149 P.3d 391 (2006).[6]In re Phelan, 97 Wash.2d at 597, 647 P.2d 1026; State v. Williams, 59 Wash.App. 379, 382, 796 P.2d 1301 (1990).[7]
¶ 18 And under the plain language of the tolling statute, an offender is not entitled to receive credit for any periods of time that he is absent from supervision without prior approval. See former RCW 9.94A.625; In re Pers. Restraint of Knapp, 102 Wash.2d 466, 470, 687 P.2d 1145 (1984). But according to DOC policy 320.160 (2004), DOC begins tolling on the date the offender last has contact with the CCO, not the date the offender fails to report. The policy states that "[w]hen an offender becomes unavailable for supervision, tolling will begin on the date of the last contact the CCO had with the offender and end on the date the offender again becomes available for supervision. . . ." The effect of the DOC policy is to toll community custody before an offender is required to report to his CCO. We conclude that absent evidence to the contrary, the presumption should be that tolling begins on the date the offender fails to report, not the date of the offender's last contact with his CCO.
¶ 19 According to the tolling statute, the time an offender spends in confinement for violating the conditions of community custody also tolls community custody unless there is a finding that the offender did not violate the conditions. Former RCW 9.94A.625. However, under the plain and unambiguous language of the DOSA statute, if the offender fails to complete or is terminated from the DOSA program while serving the community custody portion of the sentence, the offender must then serve the remainder of the DOSA sentence in prison and is entitled to earned early release credit. Former RCW 9.94A.660(5). Consequently, if DOC terminates an offender from the DOSA program and revokes the DOSA sentence, the alternative DOSA sentence, "becomes a sentence like any other" and the offender is then "subject to all rules relating to earned release time" in the same way as other inmates. Former RCW 9.94A.660(5); In re Taylor, 122 Wash.App. at 883, 95 P.3d 790; In re Reifschneider, 130 Wash.App. at 502, 123 P.3d 496.[8] Thus, when Albritton was terminated from the DOSA program and reincarcerated to serve his full sentence, he was entitled to credit for the time he served in jail for violating the conditions of his 2004 DOSA sentence.
¶ 20 Case law also supports the conclusion that an offender who is reincarcerated to serve the full term of a sentence is entitled to credit for the time served in jail on his underlying conviction while on probation or community custody.[9]See In re Pers. Restraint of Phelan, 97 Wash.2d 590, 595, 647 P.2d 1026 (1982) (jail time served exclusively on the underlying offense while on probation must be credited against the prison term); In re Taylor, 122 Wash.App. at 883, 95 P.3d 790 (when a DOSA sentence is revoked, an offender is entitled to all early release time for entire term of DOSA sentence); In re Reifschneider, 130 Wash.App. at 503, 123 P.3d 496 (after defendant terminated from DOSA program and reincarcerated, he was entitled to credit for good time earned during pre-release confinement).
*796 ¶ 21 In addition, our analysis of former RCW 9.94A.660 is also consistent with the current statute. In 2005, the legislature amended RCW 9.94A.660 to include a section that now expressly provides that "[a]n offender sentenced under this section shall be subject to all rules relating to earned release time with respect to any period served in total confinement." RCW 9.94A.660(10) (emphasis added). The legislature defines "total confinement" as "confinement inside the physical boundaries of a facility or institution . . . for twenty-four hours a day[.]" RCW 9.94A.030(42).
¶ 22 We grant Albritton's petition in part and remand to DOC to recalculate Albritton's release date in accordance with this opinion.
¶ WE CONCUR: ELLINGTON, J., and BAKER, J Pro Tem.
NOTES
[1] The statutory language in the former statute is the same as in the current statute. Cf. RCW 9.94A.625.
[2] Albritton was confined from September 21 to 22 on an unrelated charge.
[3] In DOC's Supplemental Response, DOC states Albritton should receive credit on his DOSA sentence for the time he was confined between March 8 and March 21, 2005, because "no violation hearing took place and all violations were determined to be null and void."
[4] Because Albritton committed the crimes of theft and malicious mischief in April of 2003, former RCW 9.94A.660 (2003) applies. Under former RCW 9.94A.345, "[a]ny sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed."
[5] RCW 9.94A.740 and 9.94A.631 set forth arrest and detention procedures for offenders who violate the conditions of community custody.
[6] Denial of credit for unrelated charges does not raise due process, equal protection, or double jeopardy concerns.
[7] Albritton also argues in passing that his right to be free from double jeopardy and his right to equal protection are implicated by the denial of credit. Because these issues are unsupported by argument, we decline to address them. See State v. Johnson, 119 Wash.2d 167, 171, 829 P.2d 1082 (1992).
[8] An inmate earns early release time for good behavior and good performance while incarcerated. Former RCW 9.94A.728 (2003).
[9] The conclusion we reach is consistent with the Supreme Court's recent decision in In re Pers. Restraint of Dalluge, 162 Wash.2d 814, 177 P.3d 675 (2008). In In re Dalluge, the court held that DOC's authority to enforce the conditions of community custody was not suspended during confinement when the term of community custody was tolled.