IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | |
| | ) | No. 37956-6-III |
| SHANNON BRUCE MORLEY, | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |
| | ) | |

SIDDOWAY, C.J. — Shannon Bruce Morley seeks relief from restraint in the form

of the Department of Corrections (DOC's) alleged failure to credit him for time spent in

community custody. Before this court could act on his personal restraint petition (PRP),

DOC independently conducted a review and determined that Mr. Morley was entitled to

much, but not all, of the credit he was seeking. Since DOC's explanation of its

calculation is supported by evidence and applicable law, and Mr. Morley has not

contested it by reply, we deem most of Mr. Morley's request for relief to be meritorious

but moot. We dismiss his request that we order DOC to credit him with community

custody served during the period from January 11, 2018 to February 21, 2018, as moot.

We deny his request that we order DOC to credit him with community custody allegedly

served between February 22, 2018 and March 1, 2018.

FACTS AND PROCEDURAL BACKGROUND

In December 2011, while under DOC supervision for several drug offender sentencing alternative (DOSA) sentences in Spokane and Cowlitz counties,[1] Shannon Morley committed a handful of motor vehicle-related crimes in Douglas County. In February 2013, he pleaded guilty to eight counts, the most serious being two counts of vehicular assault, and he was sentenced in March 2013. Although his offenses constituted a violation of the DOSA community custody condition that he obey all laws, no violation hearing was conducted at the time.

After satisfying the confinement portion of his 2013 Douglas County sentence, Mr. Morley was transferred from DOC custody to Federal Bureau of Prisons custody to serve time for a federal conviction. On January 11, 2018, he was released from federal prison to a federal residential reentry center in Spokane (Mr. Morley refers to it as a "halfway house." PRP at 3) to begin his federal probation.

Not long after his release to federal supervision, Mr. Morley contacted his DOC community corrections officer (CCO) and informed the CCO of his release and address. The CCO contacted Mr. Morley's federal probation officer, who confirmed that Mr. Morley was released from prison on January 11 and would remain on federal supervision for a year, until January 10, 2019.

---

[1] These are causes AU (Spokane County Case No. 091023001) and AV and AW (Cowlitz County Case No. 091011858) on Mr. Morley's OMNI legal face sheet. *See* Resp. of DOC, Ex. 2, Attach. B at 18, 20.

DOC personnel quickly recognized that Mr. Morley's 2011 offenses in Douglas County had never been sanctioned as a violation of the conditions of his DOSA sentences, and on February 1, 2018, DOC asked the federal probation department to notify it if Mr. Morley was discharged.[2] Not long thereafter, on February 21, Mr. Morley's federal probation officer notified DOC that Mr. Morley was being discharged from the reentry center effective immediately for having tested positive for methamphetamine, a violation of his probation. Mr. Morley was ordered by DOC to report to his CCO on February 22, 2018, but he failed to do so.

On March 1, 2018, Mr. Morley was arrested on a DOC warrant and was transported to Benton County for a DOSA revocation hearing, at which his DOSA sentences were revoked. The DOC used the date of Mr. Morley's arrest, March 1, 2018, as the start date of his remaining DOSA incarceration terms.

After some failed stints in work release and community custody, Mr. Morley's community custody in lieu of his earned release time for the DOSA sentences was revoked following a violation hearing on October 23, 2020. As a result, he is presently serving the remainder of his Douglas County sentence in total confinement.

---

[2] DOC records reveal its conclusion that the conditions of Mr. Morley's residency at the federal reentry center amounted to partial confinement, so DOC could not *actively* supervise him as long as he was living there and was in compliance with its policies.

Mr. Morley's earned release date was established following the October 23 hearing as being May 22, 2022. Mr. Morley filed a personal restraint petition with this court on January 19, 2021, contending the May 22, 2022 earned release date fails to give him credit for the period from January 11, 2018 to March 1, 2018, when he characterizes himself as successfully serving federal probation. The relief he requests is, "Credit me my proper time." PRP at 5. Having determined that the petition was not frivolous, this court's acting chief judge referred Mr. Morley's PRP to a panel for decision.

DOC's response demonstrates that before this court could address Mr. Morley's petition, DOC conducted a tolling unity review and agreed that Mr. Morley was entitled to credit for much of the period at issue. DOC has revised its records to give Mr. Morley credit for the period from January 11, 2018 to February 21, 2018, the period during which it concedes he was in compliance with his federal probation and DOC community custody. DOC takes the position that Mr. Morley is not entitled to credit for the period from February 22, 2018 to March 1, 2018, because he was in violation of his federal probation and DOC community custody during that time frame. It now calculates his earned release date as April 4, 2022. Mr. Morley was notified of his right to reply to DOC's response, but has not done so.[3]

---

[3] Mr. Morley filed another PRP on March 16, 2021, shortly after DOC conducted its new unity tolling credit review on March 1, 2021. The issues raised by that PRP do not bear on resolution of the instant PRP, and DOC's response to that PRP is not yet due.

ANALYSIS

Since Mr. Morley is challenging a DOC decision for which he has had no previous or alternative avenue for obtaining state judicial review, he must show that he is under restraint and that the restraint is unlawful. *See In re Pers. Restraint of Dalluge*, 162 Wn.2d 814, 817, 177 P.3d 675 (2008); RAP 16.4(a)-(c). A petitioner is under restraint if he or she has limited freedom because of a court decision in a civil or criminal proceeding, the petitioner is confined, the petitioner is subject to immediate confinement, or the petitioner is under some other disability resulting from a judgment or sentence in a criminal case. RAP 16.4(b). A petitioner may obtain relief by demonstrating either a constitutional violation or a violation of state law. RAP 16.4(c)(2), (6); *In re Pers. Restraint of Costello*, 131 Wn. App. 828, 832, 129 P.3d 827 (2006). A DOC action that wrongfully denies an inmate credit for time served would result in an unlawful restraint. *Id.*

The DOC contends that the time frame it has refused to credit as community custody served, from February 22, 2018 to March 1, 2018, was a time frame when Mr. Morley's community custody was tolled under RCW 9.94A.171(2) because he had absented himself from supervision. The terms of a defendant's sentence are governed by the version of the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, in effect when the crime was committed. *State v. McClinton*, 186 Wn. App. 826, 829, 347 P.3d 889 (2015) (citing *State v. Medina*, 180 Wn.2d 282, 287, 324 P.3d 682 (2014)). Mr.

5

Morley's crimes for which he received the DOSA sentences appear to have been committed in 2009. Whatever the exact dates of those crimes, former RCW 9.94A.171 (1982) applies. As relevant, it remains unchanged, so we cite to the current version of the statute.

"Any term of community custody shall be tolled by any period of time during which the offender has absented himself or herself from supervision without prior approval of the entity under whose supervision the offender has been placed." RCW 9.94A.171(2). "For terms of confinement or community custody, the date for the tolling of the sentence shall be established by the entity responsible for the confinement or supervision." RCW 9.94A.171(4). Absent evidence to the contrary, it is presumed that tolling begins on the date the offender fails to report, not the date of the offender's last contact with his CCO. *In re Pers. Restraint of Albritton*, 143 Wn. App. 584, 595, 180 P.3d 790 (2008). If a DOSA sentence is revoked and the offender is required to serve the remainder of the DOSA sentence in prison, the offender is entitled to earned early release credit. *Id.*

With respect to the February 22, 2018 to March 1, 2018 time frame that remains at issue, DOC has demonstrated that tolling applies. Mr. Morley has not replied with any argument that it does not.

We dismiss Mr. Morley's request that we order DOC to credit him with community custody served during the period from January 11, 2018 to February 21,

6

No. 37956-6-III
*In re Pers. Restraint of Morley*


2018, as moot.  We deny his request that we order DOC to credit him with community

custody allegedly served between February 22, 2018 and March 1, 2018.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, J.