IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 38357-1-III |
| | ) | |
| JOSE ANTONIO CONTRERAS, | ) | ORDER GRANTING MOTION |
| | ) | FOR RECONSIDERATION |
| Petitioner. | ) | |

THE COURT has considered petitioner Jose Antonio Contreras's motion for reconsideration of our July 28, 2022, opinion; the answer/response of the Department of Corrections; and the record and file herein.

IT IS ORDERED that the motion for reconsideration is granted.

IT IS FURTHER ORDERED that this court's July 28, 2022, opinion is withdrawn and a new opinion is filed herewith.

PANEL: Judges Pennell, Siddoway and Fearing.

FOR THE COURT:



_____
LAUREL H. SIDDOWAY
Chief Judge

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 38357-1-III |
| | ) | |
| JOSE ANTONIO CONTRERAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — Jose Antonio Contreras has filed a personal restraint petition,

arguing he is subject to illegal restraint as the result of a prison disciplinary decision that

resulted in the deprivation of good time credits. We grant the petition and remand for a

new disciplinary hearing.

FACTS

Mr. Contreras is incarcerated at the Airway Heights Corrections Center. On

April 15, 2021, Mr. Contreras was issued a serious infraction for quitting his assigned

security crew job the previous day. A hearing on the infraction was eventually scheduled

for June 11, 2021.[1]

On May 12, 2021, the Department of Corrections (Department) issued a

memorandum to all staff announcing an interim policy that required hearing officers to

_____

[1] The hearing was initially scheduled to take place on May 11, 2021, but was continued at Mr. Contreras's request to allow him an opportunity to submit written questions to the corrections officer who made the infraction report.

reduce serious infractions to lesser infractions when applicable. The memorandum stated it was "in effect immediately." Pet'r's Mot. to Amend Pers. Restraint Pet., App. I, *In re Pers. Restraint of Contreras*, No. 38357-1-III (Wash. Ct. App. Nov. 22, 2021).

The May 12 memorandum was prompted by an Office of Corrections Ombuds (OCO) investigation regarding an inmate who received a major infraction for refusing to work due to COVID-19 health and safety concerns. In an April 28 report, the OCO recommended that all similar past infractions be reviewed and possibly reduced or removed. The OCO also recommended that, going forward, Department policy "be revised to include direction that hearing officers will reduce major infractions to lesser infractions if applicable." *Id*. In correspondence dated May 12 from the Department to the OCO, the Department responded that it had "agreed to and completed review of all serious infractions issued for COVID-19 related concerns from May 1, 2020, to March 16, 2021," in order to determine if the infractions should be overturned. *Id*. From that point on, the Department agreed to recommend amendments to its disciplinary policy and, pending the amendment process, to issue an immediate directive. The immediate directive was the May 12 all-staff memorandum, referenced in the preceding paragraph.

At his June 2021 hearing, Mr. Contreras claimed he quit his job over COVID-19 health and safety concerns. He explained the van used to transport his work crew was too

small to allow for appropriate social distancing. According to Mr. Contreras, the people inside the van were so close they were "pretty much touching." *Id*., App. E at 6. Mr. Contreras noted that he had not been vaccinated, but he previously had contracted COVID-19 and did not want to get sick again. Mr. Contreras conceded that the occupants of the work van all wore masks. Mr. Contreras brought the April 28 OCO report to the attention of the hearing officer, who indicated she has already seen it.

The hearing officer appeared to express some doubt about the validly of Mr. Contreras's COVID-19 concerns. The officer noted she had been inside the type of transport van referenced by Mr. Contreras and the people inside the vans "definitely [were] not touching each other." *Id*. The officer noted the occupants of Mr. Contreras's van were wearing masks and that Mr. Contreras had previously contracted COVID-19. The officer found Mr. Contreras guilty and imposed 15 days loss of good time, 30 days loss of recreation privileges, two months loss of monthly packages, and one month earned time not earned. The hearing officer noted that the sanction was mandatory but, in apparent reference to the April 28 OCO report and May 12 response of the Department, she stated "headquarters" could make a different determination if it decided "to overturn these." *Id*. at 7.

Mr. Contreras immediately appealed the hearing officer's decision to the prison superintendent. He again referenced the OCO report and the Department's response, including the interim policy. The associate superintendent issued a response to Mr. Contreras's appeal on July 16, 2021, upholding the disposition. According to the associate superintendent, the Department's COVID-19 policy did not apply to Mr. Contreras's case. The decision stated, "[t]he department did agree to complete a review of . . . [serious] infractions that were issued for COVID related issues from March 1st through March 16th and to determine if they were appropriate to be overturned. Your infraction was in April 2021 and met" the criteria for a mandatory infraction. *Id.*, App. J at 1.

Mr. Contreras subsequently filed this timely personal restraint petition, challenging his disciplinary sanction.

ANALYSIS

To obtain relief from a prison disciplinary sanction, a petitioner must show they have been subject to unlawful restraint. RAP 16.4(a)-(c). Restraint is unlawful if "[t]he conditions or manner of the restraint of petitioner are in violation of the Constitution of the United States [of America] or the Constitution or laws of the State of Washington." RAP 16.4(c)(6). Improper deprivation of good time credits can support an inmate's claim

of unlawful restraint. *In re Pers. Restraint of Reifschneider*, 130 Wn. App. 498, 501,

123 P.3d 496 (2005).

Mr. Contreras contends he is under unlawful restraint because the Department

failed to abide by its own "rules or regulations" regarding COVID-19 related infractions

in issuing his disciplinary sanction. *In re Pers. Restraint of Wilson*, 17 Wn. App. 2d 72,

82, 484 P.3d 1 (2021). We agree.

Both the hearing officer and the associate superintendent handling Mr. Contreras's

appeal failed to appreciate that the May 12, 2021, interim policy arising out of COVID-19

health and safety concerns was effective immediately and was therefore applicable to

Mr. Contreras's case. Contrary to what was stated by the hearing officer, the COVID-19

policy as not something that would merely be reviewed in the future by "headquarters."

Pet'r's Mot. to Amend Pers. Restraint Pet., App. E at 7, *In re Pers. Restraint of*

*Contreras*, No. 38357-1-III (Wash Ct. App. Nov. 22, 2021). And unlike what the

associate superintendent stated, the Department's interim policy related to COVID-19

was not limited to serious infractions issued from March 1, 2020, to March 16, 2021.

The Department in its May 12 correspondence to the OCO was merely indicating that it

had already conducted a review of infractions issued during that time frame and was in

the process of taking action on that review. Pursuant to the Department's interim policy,

Mr. Contreras was entitled to have the Department assess whether the mandatory infraction should have been reduced based on Mr. Contreras's COVID-19 concerns.

In briefing to this court, the Department does not dispute that the interim policy announced on May 12, 2021, applied to Mr. Contreras's case. Nevertheless, the Department claims Mr. Contreras is not entitled to relief because the hearing officer determined Mr. Contreras had not quit his job based on COVID-19 concerns. We disagree with this interpretation of the record. While the hearing officer appeared to express skepticism about the legitimacy of Mr. Contreras's COVID-19 concerns, the officer never made any findings in this regard. To the contrary, the hearing officer appears to have recognized that Mr. Contreras may have had a COVID-related reason for quitting his job, but that this justification could only be addressed by "headquarters." *Id*.

Mr. Contreras's disciplinary hearing was adjudicated in a manner that violated the Department's interim policy requiring that infractions be reduced when based on COVID-19 concerns. Given the parties' disagreement over whether Mr. Contreras is entitled to relief under the May 12, 2021, interim policy, the proper remedy for this violation is remand for a new hearing.

Because we are remanding for a new hearing, we need not address the other grounds for relief recited in Mr. Contreras's personal restraint petition. On remand, the

hearing officer shall impartially adjudicate Mr. Contreras's case without acting either as a fact witness regarding the circumstances of Mr. Contreras's violation or an expert witness regarding the risks of COVID-19 infection. *See* Department Policy No. 460.140(II)(C).

CONCLUSION

Mr. Contreras's petition for relief from personal restraint is granted. This matter is remanded for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.

7